JAMES BURRELL AND ANOTHER v. THE STATE.

Where the defendants were found "guilty of murder in the first degree,"
"whereupon they were remanded to prison" "to await the sentence of the
law;" motion for a new trial overruled, and notice of appeal; on suggestion
of the counsel for appellants, that no judgment was entered upon the verdict,
and whether this Court ought to take jurisdiction of the appeal, it was held
that under the statute, (Hart. Dig. Art. 472, *et seq.*) there is a distinction be-
tween the judgment and sentence in criminal cases, and that in case of
conviction and an appeal taken therefrom, the judgment must be entered in
accordance with the verdict of the jury; and no judgment being entered in
this case, the appeal was dismissed for want of jurisdiction.

For form of judgment in capital cases see Shultz v. The Republic, 13 Tex.
R. 403.


Appeal from Austin. Tried before the Hon. Nelson H.
Munger.

The facts are stated in the Opinion.


*Attorney General*, for appellee.


WHEELER, J. The appellants were put upon their trial,
upon an indictment for murder. By the verdict of the jury,
they were found "guilty of murder in the first degree," "where-
upon they were remanded to prison," "to await the sentence
of the law." It appears by the record that there was a mo-
tion for a new trial overruled; and the prisoners gave notice
of appeal. Their counsel have suggested to the Court, that
no judgment was entered upon the verdict; and submit wheth-
er this Court ought to take jurisdiction of the appeal.

That there can be no appeal, in a criminal case, until after
conviction, has been heretofore decided, and is evident, from

the terms and provisions of the statute. (7 Tex. 492 ; Hart. Dig. Art. 472, *et seq*.) Whether the entry of the judgment be necessary to give this Court jurisdiction of the appeal, remains to be determined.

The 6th Section of the Act regulating appeals in criminal cases, provides, " That in case of conviction, before the Dis- " trict Court, in any criminal case, and an appeal taken there- " from, the judgment shall be entered in accordance with the " verdict of the jury, but no sentence of execution shall be pro- " nounced by said Court." (Art. 473.) It is evident the Le- gislature did not intend, by the terms "judgment," and "sen- tence of execution," in this Section, the same thing. They must have attached to them different meanings ; as they re- quire that judgment " shall be entered," but that sentence of execution " shall not be pronounced." And as, in cases of ap- peal, the sentence is suspended, and cannot be carried into execution, until after the judgment shall have been affirmed, their meaning must have been, that the judgment shall be formally entered of record, but shall not be pronounced, and the time of its execution appointed, but shall be left to be "pronounced," and appointed after the determination of the appeal. This intention is further manifest from other provi- sions of the statute. Thus : the 8th Section provides, that the Supreme Court shall proceed to render such judgment as the law of the case may require, " confirming the judgment of the District Court, if there be no errors upon the record ; revers- ing the same in case of error," &c., pre-supposing, of course, that there has been a judgment rendered by the District Court, which the Supreme Court is to " confirm " or " reverse." And the 9th Section provides, in case the judgment be affirmed, this Court "shall direct such sentence to be pronounced by the Dis- " trict Court as is directed by law, and such as the District " Court might have pronounced in case no appeal had been " taken," evidently intending, that though the judgment of the District Court has been affirmed, the sentence remains to be pronounced.

It is true, that, in criminal legal parlance, judgment and sentence mean the same. But they are not so treated, and therefore cannot be so considered, in construing the Act in question. It is scarcely necessary to say, that the intention of the Legislature, manifested in their enactments, is the law of the land, and must be obeyed; however inartificially expressed. And when the State demands the extreme rigor of the law, the *summum jus*, it must be in subordination to every legal form and requisite. All the prescribed forms of the law, however apparently unimportant in themselves, must be observed. The right to exact the ultimate penalty must appear clear and perfect, in every particular, in form and in fact.

It is clear beyond question, that the statute requires the formal entry of judgment by the District Court; which judgment, upon appeal, this Court is to revise, and affirm or reverse. The judgment must, therefore, be entered in accordance with the statute, before this Court can take jurisdiction of the appeal. It presents the question in a novel aspect, when the appellant questions the right of the Court to entertain his own appeal; but being a question of jurisdiction, it is immaterial by whom, or how raised. We cannot proceed to adjudicate a case, of the subject matter of which we have not acquired jurisdiction in the mode prescribed by law. In other capital cases, upon which this Court has adjudicated, the requirement of the statute was complied with in entering the judgment. (Shultz v. The State, 13 Tex. R. 401.) But no judgment having been entered in the present case, we have not jurisdiction of the appeal; and it must therefore be dismissed.

Appeal dismissed.