## THE STATE v. GEORGE W. PASCHAL.

On a motion to quash an indictment, an entry, that, "It is ordered by the court, that the said motion be sustained," is not a final judgment.

In cases of misdemeanor, the defendant is required to enter into a recognizance, whether the appeal be taken by him, or the State; and if he fail to do so, he should be committed to jail : and that this has been done, should be shown by the record, in order to perfect the appeal.

APPEAL from Travis.    Tried below before the Hon. Thomas J. Devine.

The facts are stated in the opinion.

*Attorney General,* for appellant.

*I. A.* and *G. W. Paschal,* for appellee.

ROBERTS, J.    In this case, there was a motion to quash, made by the defendant, upon the decision of which by the court, the following entry was made, which was intended to be the judgment, to wit: "It is ordered by the court, that the said motion be sustained."    The legal consequence of this decision, is not declared in the record disposing of the case, or discharging the defendant; and therefore it is not a final judgment, such as is necessary to be entered before bringing a cause into this court, upon appeal.    (Code Crim. Pr., title Appeals, p. 137 ; see Art. 742 ; Burrill v. The State, 16 Tex. Rep. 147.)

It is made the duty of the clerk, in case of appeal, to make out a transcript, which "shall contain all the proceedings had in the case."    The defendant is required to enter into a recognizance, whether the appeal be taken by him or by the State, in cases of misdemeanor.    If he fail to do so, he will be committed to jail.    (Code Crim. Pr., Art. 729, 722-3.)    An entry of these, is the appropriate evidence that the appeal has been perfected, and a security that the defendant will appear to answer the accusation, in the event the Supreme Court should decide against the defendant.    *No such entry appears in this case.*

For both of these causes, this appeal will be dismissed.

Appeal dismissed.