## CALVIN v. THE STATE.

The effect of an appeal, in a case of felony, is to suspend the sentence; but judgment must be rendered upon the verdict by the court below, or the appeal will be dismissed for want of jurisdiction.

The provisions of the Code of Criminal Procedure, on the subject of appeals, were intended to conform to the previous practice of this court, and contemplate that, in all cases of appeal, the judgment of the District Court must be taken up by the appeal.

The code not having changed the law in this respect, a proper form of judgment, in cases of appeal, is furnished by the case of Shultz v. The State, 13 Texas Rep. 401.

APPEAL from Rusk. Tried below before the Hon. Charles A. Frazer.

This was an indictment for murder. There was a verdict of guilty, and on appeal by the defendant, no final judgment was rendered upon the verdict, but the entry, after recording the verdict and appeal by defendant, directed that the sentence of the court be suspended, to await the decision of the Supreme Court.

*T. W. Jones,* for the appellant.

*Attorney-General,* for the appellee.

BELL, J.—This appeal must be dismissed, because there is no final judgment in the court below. In the case of James Burrell and another against the State, 16 Texas Rep. 147, this court held, that where there is a verdict of guilty against the defendant in the court below, the judgment of the law upon the verdict must be entered on the minutes of the court, notwithstanding an appeal by the defendant; and that this court will dismiss the appeal for want of jurisdiction, if the proper judgment be not entered of record in the court below. The effect of the appeal is to stay sentence, but the judgment of the court below must, in all cases, be brought up by the appeal.

The provisions of the Code of Criminal Procedure, on the subject of appeals, were intended to be in conformity with the previous practice of this court, so far as the point now under consideration is concerned. Article 719 of the Code of Criminal Procedure provides, that " an appeal may be taken by the defendant, in every case where judgment of conviction has been rendered against him, in the District Court," &c. Article 683 provides, that " in cases of felony, where an appeal is taken, sentence shall not be pronounced, but shall be suspended until the decision of the Supreme Court has been received."

Various articles of the 7th title of the Code of Criminal Procedure, under the head of Appeals, will show, that the law contemplates that in all cases of appeal, the judgment of the District Court must be taken up by the appeal. It is a familiar principle, that appeals do not lie from interlocutory orders or decrees. An appeal presumes a judgment to be appealed from; and the appellate court must see the judgment appealed from, before the appeal can be entertained.

In the case of Burrell and another against the State, 16 Texas Rep. 147, this court referred to the case of Shultz v. The State, 13 Id. 401, as furnishing, substantially, a proper form of judgment in cases of appeal. The same case may yet be referred to, for the same purpose, as the Code has not changed the law in this respect. The appeal is dismissed.

Dismissed.