## NATHAN, A FREEDMAN v. THE STATE.

Where in a case of felony there has been a verdict of "guilty" against the accused, judgment upon the verdict must be entered, notwithstanding an appeal taken by the accused, otherwise this court will dismiss the appeal for the want of jurisdiction. (Paschal's Dig., Art. 3183, Note, 768.)

APPEAL from Guadaloupe. The case was tried before Hon. I. B. McFARLAND, one of the district judges.

The opinion of the court states all necessary facts.

*C. L. Robards,* for appellant.

*Geo. Flournoy, Attorney General,* for the State.

WILLIE, J.—The appellant was indicted for murder at the spring term, 1865, of the District Court of Guadaloupe county. At the spring term, 1866, of the same court, he was regularly tried, and convicted of murder in the second degree, and the jury assessed his punishment at confinement to hard labor in the penitentiary for the term of ten years. The record shows that the appellant plead "not guilty" to the indictment, and that a jury came, were impanneled, and sworn according to law, and that they returned a verdict as above stated, and that the appellant was thereupon remanded to jail; but it does not show that any judgment whatever was rendered upon said verdict.

Frequent decisions of this court have been made, to the effect, that where there is a verdict of "guilty" against the defendant in the court below, the judgment upon the verdict must be entered, notwithstanding an appeal taken by the defendant, otherwise this court will dismiss the appeal for want of jurisdiction. (Calvin v. The State, 23 Tex., 577; Burrell v. The State, 16 Tex., 147.) In the first case above cited, the decision was made under our present Code of Criminal Procedure, and it was held, that the practice in this respect, under said Code, was intended to be in con-

formity with the practice of the court previous to its adoption, as announced in the case of Burrell v. The State.

Under the authority of these decisions this appeal must be

DISMISSED.