## OTTO HOPPE v. THE STATE.

1—By virtue of Article 686 of the Code of Criminal Procedure (Paschal's Digest, Art. 3151), a party convict may appeal from a judgment overruling his motion for a new trial, though no judgment has been entered on the verdict of conviction.

2—In such case, therefore, a motion in this court to dismiss the appeal, because the record contains no final judgment, will not prevail.

APPEAL from Gillespie. Tried below before the Hon. M. B. Walker.

The appellant was convicted of passing off a forged promissory note, knowing it to be forged, and obtaining money and merchandise in consideration of it.

The Attorney General moved to dismiss the appeal, because no judgment or sentence was entered upon the verdict convicting the appellant and assessing his punishment at two years' hard labor in the penitentiary.

No counsel for the appellant.

*E. B. Turner*, Attorney General, for the State, cited 23 Tex., 577; 24 Tex., 461; 16 Tex., 14.

LINDSAY, J.—This is an appeal by the party convict from the judgment of the court overruling his motion for a new trial. We think the import of Art. 3151 is too clear and palpable to the understanding to be called in question, that the convict may appeal from such a judgment to this court. The article of the Criminal Code contemplates just such a state of things as is presented by this record. In such cases, duty constrains the court to follow the positive injunctions of law, rather than the mere persuasions of authority. This point was decided by this court, after thoroughly examining the Criminal Code, at the Tyler term (1869), in the case of Clark Jones v. The State of Texas. The judgment of the court overruling the motion for a new trial concludes the rights of the convict, and his doom is irreversibly fixed, unless an appeal be taken. It is manifest, from the article, that an appeal may be taken, notwithstanding there may have been a failure to make a formal entry of record of the judgment of the court upon the verdict of conviction.

As to the testimony in the case, it is not perceived from the transcript that there was any improper admission of it, nor can we discover any improper exclusion of testimony. No exceptions to the admission or exclusion of testimony are filed. Neither is there anything in the transcript to show that the law was wrongly expounded by the court.

In the statement of facts there was enough of evidence, which, unexplained by the party accused, upon whom the obligation to do so was incumbent, to sustain the verdict of the jury. The court will, therefore, let it stand, and affirm the judgment of the court below upon it.

Affirmed.