## T. M. Dooly v. The State.

1. When in a felony case no final judgment was entered up by the court below, this court can acquire no jurisdiction by an attempted appeal. The case cannot be remanded for a final judgment, and the only disposition of it by this court is to strike it from the docket.

Appeal from Dallas. Tried below before the Hon. C. T. Garland.

The defendant was found guilty of theft from a house, and the jury awarded him four years in the penitentiary, but no judgment was rendered on the verdict, so far as appears by the transcript.

No brief for the appellant.

*J. G. Boyle*, Assistant Attorney General, for the State, moved to remand the case for a final judgment.

Ogden, J.—In this case no final judgment was entered in the court below, and the Attorney General moves this court to remand the case for a final judgment. But under the authority of Russell v. The State, 16 Texas, 147; O'Connell v. The State, 18 Texas, 343; Colvin v. The State, 23 Texas, 577, and Nathan v. The State, 28 Texas, 326, we are led to the conclusion, that until final judgment entered in the court below, this court has no jurisdiction of the case for any purpose whatever, and the only order this court can make in the case, is to dismiss it from the docket, which is accordingly ordered.

Dismissed.