HENRY MAYFIELD V. THE STATE.

1. The defendant in a criminal case cannot appeal until a judgment of conviction is entered (except in a matter of *habeas corpus*).
2. The judgment of conviction should contain, first, the facts judicially ascertained, together with the manner of ascertaining them; second, the recorded declaration of the court pronouncing the legal consequences of the facts thus judicially ascertained.
3. See this case for specific rules for the form of a judgment of conviction.

APPEAL from Hill.    Tried below before the Hon. F. P. Wood.

*Geo. Clark, Attorney-General,* for the State, moved to dismiss the appeal because no final judgment had been rendered in the court below.

*J. Abbott,* for appellant.

ROBERTS, CHIEF JUSTICE.—The defendant in the court below was tried for the theft of a mare, and found guilty by the jury, who assessed his punishment at five years in the penitentiary.    Upon the verdict being returned, the defendant was ordered to be placed in the county jail, to await the judgment of the court, and thereupon he gave notice of an application for a new trial, all of which appears of record in the transcript.    It further appears that the motion for a new trial was made, and the court, after considering it, decided against it, which decision of the court is recorded in language as follows :

"It is the opinion of the court that the law is for the

State, and the defendant's motion is overruled, to which ruling of the court defendant excepts, and gives notice of appeal."

This is not a "judgment of conviction rendered," from which only a defendant is allowed to appeal in a criminal case (except in a matter of *habeas corpus*). (Paschal's Digest, Article 3183.) Such has been the uniform decision of this court since the adoption of the Criminal Code, as well as before. There are several cases decided otherwise that have been overruled. (Shannon v. The State, 7 Texas, 492 ; Shultz v. The State, 13 Texas, 403 ; Calvin v. The State, 23 Texas, 578 ; Nathan v. The State, 28 Texas; 577 ; Dooley v. The State, 33 Texas, 712 ; Murray v. The State, 35 Texas, 472. *Contra*, Nelson v. The State, 32 Texas, 71 ; Hoppe v. The State, 32 Texas, 383.)

A judgment of conviction rendered may be said to consist of two parts, to-wit : 1. The facts judicially ascertained, together with the manner of ascertaining them, entered of record. 2. The recorded declaration of the court pronouncing the legal consequences of the facts thus judicially ascertained.

Both of these parts are equally necessary in the rendition of a judgment of conviction. (Freeman on Judgments, page 2, Sec. 2.)

In the first part it is usual and proper to set forth in the minutes of the court the title and number of the case, the calling of the case for trial, the appearance of the parties, the plea of the defendant, and if "not guilty," the selection, impanneling and swearing of the jury, the submission of the evidence, the charge of the court, the return of the verdict, and the finding of the jury.

In the second part it should be declared upon the record in connection with the verdict, in the event of a conviction, that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the jury; and that the defendant be punished as it has

been determined by the jury—in cases where they have the right to determine the amount, or the duration and the place of punishment—setting forth particularly the amount, or the duration and place of punishment, in accordance with the nature and terms of the punishment prescribed in the verdict. The form of judgment set forth in the case of Shultz v. The State, 13 Texas, 403, has been recommended as a proper one in a capital case (Calvin v. The State, 23 Texas, 578), which must be varied according to the character of the case.

The absolute necessity of adding the second part to the first, in order to make the judgment complete, may be fully appreciated by considering that if the case should be acted on by the appellate court, and it should be affirmed and sent back to the District Court, and the District Court, in completing the judgment, should make a mistake as to the amount, duration or place of punishment, to the prejudice of the defendant, he would have no remedy for correcting the error, unless a second appeal should be granted to him on the same case. There is no provision of the law authorizing any such second appeal.

There being no complete judgment of conviction rendered in this case, inasmuch as the second part, as above indicated, is wholly omitted, the case must be dismissed from this court, and the determination of this court be certified to the District Court for its information.

DISMISSED.