## CONRAD ANSCHINCKS V. THE STATE.

FINAL JUDGMENT.—A final judgment from which an appeal lies must show that the accused was condemned to be punished as determined by the jury, setting forth the amount or duration and place of punishment to which he became subject by reason of the indictment and verdict.

APPEAL from Robertson. From the Criminal Court of Calvert.

*H. D. Prendergast* and *Jones & Henry*, for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—Under the repeated rulings of this court this case must be dismissed for want of a final judgment. The entry in the court below, by which it was no doubt supposed the final judgment in that case was pronounced, does not contain the essential requisites of a final judgment, as laid down in the case of Mayfield *v.* The State, (40 Tex., 289,) and the cases there referred to.

The entry in this case, from which we learn the action of the court, shows that appellant was adjudged to be guilty of the offense with which he is charged in the indictment, and that the verdict of the jury finding him guilty and assessing his punishment is approved by the court. Being found guilty, and the penalty imposed approved, it follows unquestionably that he should be adjudged by the court to undergo the punishment to which, as a consequence, he would be justly liable. And it should therefore have been shown by the entry that the defendant was condemned to be punished, as so determined by the jury, "setting forth particularly the amount or duration and place of punishment" to which he became legally subject by reason of the indictment and verdict. Until this is done, the final judgment, from which alone an appeal will lie to this court, has not been pronounced.

For want of a final judgment in the criminal court the case is dismissed.

DISMISSED.