JOHN SMITH *v.* THE STATE.

1. APPEAL.—Until after a final judgment in the court below no appeal will lie, either in a civil or a criminal case.

2. JUDGMENT NUNC PRO TUNC.—Final judgment may be rendered *nunc pro tunc* at a term subsequent to the trial.

3. VERDICT.—On the trial of an indictment for murder the verdict was: "We, the jury, find the defendant (naming him) guilty of murder in the second degree, and fix his punishment at seventeen years' imprisonment in the penitentiary." *Held,* that this verdict effectually acquitted the accused of murder in the first degree, and is not vitiated by omitting to do so in express terms; and, therefore, is a good verdict of conviction of murder in the second degree.

4. OATH TO THE JURY.—When the record of a felony case shows that the oath prescribed by the statute was disregarded, and another oath substituted therefor, the effect is the same as though no oath had been administered, and the judgment of conviction must be set aside. If, however, the record merely states that the jury were sworn, without purporting to recite the oath, it will be presumed that the oath administered was the proper one.

5. CHARGE OF THE COURT.—In felony cases the record must not only show that a charge to the jury was signed by the judge, but should also show that it was given or was refused, with the file mark of the clerk embodied in the face of the record, and not merely noted in the margin of the transcript.

6. ARRAIGNMENT.—In capital cases the ceremony of arraignment cannot be dispensed with; and, as a matter of practice, it should precede the trial before the jury.

APPEAL from the District Court of McLennan. Tried below before the Hon. J. H. BANTON.

The appellant was indicted at the December term, 1872, of the district court of McLennan county for the murder of one Luce. At the April term, 1873, he was tried, and the jury found him guilty of murder in the second degree, and assessed his punishment at seventeen years' imprisonment in the penitentiary. No final judgment, however, was rendered at that term, though a motion for a new trial was overruled, and notice of appeal given by the accused; and

it appears that, in pursuance of the notice, the appeal was prosecuted to the supreme court, but was dismissed by that court in September, 1873, because of the escape of the appellant from custody.

At the November term, 1876, of the district court, the accused, by counsel, suggested that no final judgment had ever been rendered against him, and moved the court to then render final judgment *nunc pro tunc.* The county attorney, representing the state, moved that the judgment be made to carry the costs against the accused, and, further, that, inasmuch as he had escaped pending his former appeal, and had not been arrested until since the last term, and the supreme court having dismissed his cause, he be now sentenced at once.

Thereupon the district court rendered judgment *nunc pro tunc* upon the verdict returned in 1873, and proceeded to sentence him in accordance therewith; to all which the accused gave notice of appeal.

On the 7th of November, 1876, the appellant filed in the court of appeals his sworn petition, setting out the above facts, and suggesting that the sheriff of McLennan county was about to execute the sentence by conveying appellant to the penitentiary in conformity therewith; wherefore appellant prayed an order restraining the sheriff from carrying the sentence into effect until the appeal should be heard and determined. The restraining order thus prayed for was granted by this court.

All other facts relevant to the rulings made are disclosed in the opinion.

*Clark & Dyer*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.   At the time the first appeal in this case was

taken no final judgment of conviction had been entered against the accused in the district court from which an appeal could have been taken; and, therefore, the supreme court had no jurisdiction of the case, and could not have done more than dismiss it from the docket.

An appeal will not lie, in either a civil or a criminal cause, until after final judgment. *Shannon* v. *The State*, 7 Texas, 492. But especially is this the case in criminal prosecutions. *Burrell* v. *The State*, 16 Texas, 147; *Calvin* v. *The State*, 23 Texas, 577. In the last-named case, which was quite similar to the one under consideration, Bell, J., in delivering the opinion of the court, says: "The judgment of the law upon the verdict must be entered on the minutes of the court, notwithstanding an appeal by the defendant; and this court will dismiss the appeal for want of jurisdiction if the proper judgment be not entered of record in the court below." Many other cases might be cited to the same effect, but we deem it sufficient for our present purpose to refer only to the cases of *Nathan* v. *The State*, 28 Texas, 326, and *Mayfield* v. *The State*, 40 Texas, 290.

In the latter case, which on the proposition now being examined was almost identical with this, Roberts, C. J., says: "This is not a judgment of conviction rendered, from which only a defendant is allowed to appeal in a criminal case (except in matters of *habeas corpus*). Pasc. Dig., Art. 3183. Such has been the uniform decision of this court since the adoption of the Criminal Code, as well as before. There are several cases decided otherwise that have been overruled." And such, we may add, has continued to be the uniform decision of our supreme court to the present time, which has been followed by this court with equal uniformity since its organization.

The verdict of the jury, by which the accused was found guilty of murder in the second degree, rendered on the 23d

day of April, 1873, could not have been appealed from, nor
could the judgment of the court overruling the defendant's.
motion for new trial have been appealed from, for the want
of a final judgment of conviction entered against him on
the minutes of the court below, until after the completion
of the record on the 8th day of November, 1876, at which
last-named date, on motion of the defendant, the record
was perfected by the entry, for the first time, of a final judg-
ment of conviction, agreeably to the verdict rendered on the
23d day of April, 1873. The action of the district court in.
thus entering final judgment was fully warranted by law.
In *O'Connell* v. *The State*, 18 Texas, 359, wherein an
appeal had been dismissed because of an omission to enter
judgment upon the verdict, and when, at a subsequent term
of the district court, the record was perfected by the entry
of judgment on the verdict, after setting out the facts, in.
delivering the opinion of the court, Mr. Justice Wheeler
says : " The entry of judgment in this case was in accord-
ance with a settled practice which has long been recognized
by this court in numerous cases. When, as in this case,.
the court has failed to enter up judgment upon the verdict
at the term, but has caused entry to be made at a subse-
quent term, this court has uniformly sustained the appeal.
In *Johnson* v. *Smith*, 14 Texas, 412, the point was fully
and expressly decided, and the power of the court to enter
up judgment upon the verdict after the term was main-
tained. In that case there was a verdict rendered for the
defendant, at the spring term of the court, 1849. Subse-
quently, at the. spring term, 1855, on motion of the
plaintiff, the court entered up a judgment upon the verdict,
now for then. A motion to dismiss the appeal was over-
ruled, and we then observed that the practice of thus enter-
ing judgment had been of not unfrequent occurrence, and
had, in more cases than one, received the sanction of this.
court ; that appeals from judgments thus rendered had inva-

riably been entertained. The judgment, it was observed, has the same force and effect, as a judgment of the court, as if the entry had been made at the proper time." (See this case as to the authority of the court to amend its records at a subsequent term.)

In this case the record was perfected by the entry of a final judgment *nunc pro tunc*. The state cannot complain, because, without a judgment of the court, the verdict of the jury, however proper, could not have been enforced. The representative of the state was present in court when the judgment against the accused was entered, and seeking by motion to perfect the record in another particular, to wit, the entry of judgment against the defendant for the costs of the prosecution. The motion on behalf of the state and that made by the defendant appear to have been submitted to the court simultaneously; at any rate, the record shows that both motions were granted, and the action of the court embodied in the same entry. The appellant cannot complain, because the judgment was entered on his own motion. But, no matter which party invoked the action of the court, the action was proper, as has been repeatedly decided.

From the judgment entered by the district court of McLennan county, as above set forth, on the 8th day of November, 1876, the accused has taken an appeal to this court, and seeks a reversal of the judgment upon errors assigned on his first appeal to the supreme court, and on an additional assignment of errors, made subsequently to the entry of judgment against him, both of which are set out in the record.

One of the errors complained of is that the court overruled the defendant's motion for a new trial.

Among the grounds set out in the motion for new trial are the following, to wit:

The defendant, it is alleged, was called into court and put

upon his trial, and forced to select his jurors, without having been first arraigned and having the indictment read to him, and being permitted to plead thereto, and that his arraignment after the jury had been selected was void; that the verdict of the jury is not in legal form, in that it does not either acquit or convict him of murder in the first degree; and that the oath administered to the jury was not the oath required by law, which oath, as administered, is set out in the motion, as follows: " You do solemnly swear that you will well and truly try the issue joined between the state of Texas and the defendant, according to the law and the evidence given you."

The oath set out in the judgment entry is substantially the same as that set out in the motion for the new trial, to wit: who were duly elected, tried, sworn and impaneled "to try and true verdict render of the issue herein joined between the state and the said defendant, John Smith."

With regard to the objection raised to the form of the verdict, we think it is not well taken. The verdict shows clearly that the jury convicted the accused of murder in the second degree, and affixed his punishment therefor. This, we are of opinion, is equivalent to a verdict of not guilty of murder in the first degree.

An arraignment is a necessary preliminary to a trial in a capital felony, and the record should disclose the fact, in such a case, that the accused had been arraigned; otherwise the case would be reversed. Pasc. Dig., Art. 2933; *Hendrick* v. *The State*, 6 Texas, 341; *Early* v. *The State*, decided by this court at the present term, *ante* p. 248. The record in the case before us shows that the defendant was " duly arraigned, and plead not guilty;" but, as we find it, as stated on the supposition that the clerk entered such proceeding in the order in which it occurred, this was not done until after the jury had been impaneled and sworn.

As a question of practice, we are of the opinion that when an arraignment is required it should precede the commencement of the trial proper, and the record should so state. The ceremony of arraignment is a separate and distinct proceeding, and should, as above intimated, precede the trial before the jury. We do not find from the record that in this case the ceremony of arraignment was neglected, but that it appears to have been done at an improper time; and on that account alone the verdict would not be disturbed. What we have held is that, in a capital case, an arraignment cannot be dispensed with.

The objection to the oath administered to the jury is well taken. The proper oath to be taken by the jury on the trial of a criminal case has been prescribed by statute. See Code of Cr. Pro., Art. 563; Pasc. Dig., Art. 3029. When the oath required has been prescribed by law, another oath will not answer the purpose intended.

In *Arthur* v. *The State*, 3 Texas, 405, it was held that, "where the legislature has undertaken to prescribe the oath which shall be taken, it must be observed, and where the record shows that the statutory requirement has been disregarded, and the court has provided something else in its stead, it will be as if no oath had been administered. Any other oath than that prescribed is, in contemplation of law, no oath. And it is clear that the finding of a jury not under oath cannot constitute a legal verdict upon which the court can proceed to give judgment."

No rule, it would seem, has been more invariably adhered to than that laid down in the opinion above quoted from— that, where the record shows that the oath prescribed by the statute has been disregarded, and some other oath has been substituted, the oath so substituted will, in felony cases, be regarded as no oath at all. Such has been the uniform decision, both before and since the adoption of the Code of

Criminal Procedure. *Martin* v. *The State*, 40 Texas, 26; *Bawcom* v. *The State*, 41 Texas, 191; *Morgan* v. *The State*, 42 Texas, 225; *Burch* v. *The State*, 43 Texas, 377.

These authorities, it is proper to observe, do not conflict with another class of cases where the record simply shows that the jury was sworn to try the case, but does not attempt to set out the oath; in which it is held that it will be presumed the proper oath had been administered.

It is further objected that the charge given, or purporting to have been given, to the jury on the trial below was not signed by the judge who presided at the trial.

The Code of Criminal Procedure requires of the judge, in trials of felony, to give to the jury a written charge, in which he shall distinctly set forth the law applicable to the particular case, and that the general charge given by the court, as well as those given or refused, shall be certified by the judge, and, in case of an appeal, shall constitute a part of the record. Pasc. Dig., Arts. 3059, 3062.

By the act of the 5th of February, 1853 (Pasc. Dig., Art. 1464), it is provided " that the judge shall not charge or instruct the jury in any case unless the charge shall have been by him first reduced to writing and signed, and every such charge or instruction shall be given in the precise words it shall have been written." In civil causes it has been held that the statute requiring the judge to give a written charge is directory merely, and the supreme court has refused to reverse because it did not appear that the judge had given a written charge. *Boon* v. *Thompson*, 17 Texas, 610; *Reid* v. *Reid*, 11 Texas, 573. But we have failed to find a single criminal case where it has been held that the statute which requires the charge to be in writing and signed by the judge was otherwise than mandatory. In the case of *Wheelock* v. *The State*, 15 Texas, 256, in treating of a charge not signed, the court say: " There is in the transcript what purports to be such a charge; but it is not signed by the judge, nor

is there any evidence in the record that it was given. It is not authenticated in any manner which entitles the subject-matter of it to be revised or considered."

We are of the opinion that the statute requiring the charge to be in writing and signed by the judge is, in criminal cases of the grade of felony, mandatory; that the charge should not only be in writing, and bear the signature of the presiding judge, but, on appeal, the record should go further, and show either that the charge in question was *given* or *refused*, and bear the file mark of the clerk embodied in the face of the transcript, and not by a mere note in the margin of the record. The charge under consideration, for aught that appears in the record, may have been some unfinished, loose paper which had by some inadvertence gotten among the papers of the case, and been copied by the clerk in making up the transcript. It is not signed by the judge; it is not indorsed as having been given; it is not marked with the usual file mark indorsed by the clerk, nor is it even noted in the margin that it was *filed* as a part of the record.

We have not attempted to notice several of the alleged errors, nor have we noticed all the grounds set out in the motion for new trial; but we have carried our investigation sufficiently far to show the grounds which, in our opinion, require that the case should be reversed. The oath set out in the record shows that the statutory oath was not administered to the jury, and on this account alone we would feel called on to set the conviction aside. For this error, and because the main charge of the court, as we find it embodied in the transcript, is not authenticated in such manner that we feel authorized to treat it as a charge given to the jury, the judgment of the district court of McLennan county, heretofore rendered in said cause, is reversed and the cause remanded.

*Reversed and remanded.*