## Ned Butler *v.* The State.

1. Final Judgment of conviction in a criminal case consists of two parts: 1st, the facts judicially ascertained, together with the manner of ascertaining them, entered of record; and, 2d, the recorded declaration of the court, pronouncing the legal consequence of the facts thus judicially ascertained.

2. Same.—The case of *Mayfield* v. *The State,* 40 Texas, 289, cited, and the requisites of a final judgment therein defined, are commended specially to the attention of judges, clerks, and prosecuting attorneys.

Appeal from the District Court of Anderson.  Tried below ¯before the Hon. Thomas B. Greenwood, Special Judge.

The indictment was for the theft of a yearling.  The accused was found guilty, and his punishment assessed by ¯the jury at two years in the penitentiary.

The judgment entry consisted of the usual recitals of the preliminaries, the charge to the jury, and their verdict, and ¯then concluded as follows:  " It is, therefore, ordered by the ·court that the defendant, Ned Butler, be remanded to the

county jail, to await the further action of this court."
There was no further action or order of the court, except
an entry of the overruling of a motion for a new trial.

For convenience it is deemed well to insert here an extract
from the opinion of the supreme court in *Mayfield* v. *The
State*, 40 Texas, 290, elaborating the two general constitu-
ents of a final judgment, embodied in the head-notes:

"In the first part (of the judgment) it is usual and proper
to set forth, in the minutes of the court, the title and num-
ber of the case, the calling of the case for trial, the appear-
ance of the parties, the plea of the defendant, and, if ' not
guilty,' the selection, impaneling, and swearing of the jury,
the submission of the evidence, the charge of the court, the
return of the verdict, and the finding of the jury.

"In the second part it should be declared upon the rec-
ord, in connection with the verdict, in the event of a con-
viction, that it is considered by the court that the defendant
is adjudged to be guilty of the offense, as found by the jury,
and that the defendant be punished as it has been deter-
mined by the jury—in cases where they have the right to
determine the amount, or the duration and the place of pun-
ishment—setting forth particularly the amount, or the dura-
tion and place of punishment, in accordance with the nature
and terms of the punishment prescribed in the verdict.
The form of judgment set forth in the case of *Shultz* v. *The
State*, 13 Texas, 403, has been recommended as a proper
one in a capital case (*Calvin* v. *The State*, 23 Texas, 578),
which must be varied according to the character of the
case."

*George McCormick*, Assistant Attorney General, for the
State, moved to dismiss the appeal for want of a final
judgment.

No brief for the appellant.

White, J.    The motion of the assistant attorney general to dismiss this appeal for want of a final judgment must be sustained.    The case of *Mayfield* v. *The State*, 40 Texas, 289, is identical in its features in this particular.    And the attention of district and county judges, and district and county attorneys and clerks, is again called to the rules laid down in *Mayfield* v. *The State*, as to the requisites of a judgment of conviction in criminal cases.

The appeal is dismissed.

*Dismissed.*