## FRANK CHOATE v. THE STATE.

1. FINAL JUDGMENT.—After reciting the verdict of guilty, which assessed twenty-five years' confinement in the penitentiary, the judgment entry proceeded to state that "therefore it is considered by the court that the defendant, Frank Choate, is guilty as found by the jury;" and then concluded by committing the defendant to jail to await sentence. *Held,* not a final judgment. The entry should have further shown that the defendant was condemned to be punished as determined by the jury, setting out the amount and duration of punishment to which, by reason of the indictment and verdict, he had become liable.

2. SAME.—Clerks and prosecuting attorneys are specially referred to the cases of *Mayfield* v. *The State,* 40 Texas, 289, and *Anschincks* v. *The State,* 43 Texas, 587, for directions how to enter up final judgments in criminal cases.

APPEAL from the District Court of Falls. Tried below before the Hon. B. X. SAUNDERS.

The head-note shows the judgment as entered up.

*Herring, Anderson & Kelley,* for the appellant.

ECTOR, P. J. The motion of the counsel for the state to dismiss this appeal for the want of a final judgment must be granted. The entry in the court below, by which it was, doubtless, supposed a final judgment was rendered in the case, does not contain the requisites of a final judgment of conviction, from which only a defendant is allowed to appeal in a criminal case, except in a matter of *habeas corpus.* Pasc. Dig., Art. 3183. See the case of *Mayfield* v. *The State,* 40 Texas, 289, and also the case of *Anschincks* v. *The State,* 43 Texas, 587.

The entry in this case at bar, from which we learn the action of the court, shows that defendant "is guilty as found by the jury." It should have been further shown by the entry that the defendant was condemned to be punished as so determined by the jury, setting forth particularly the

amount and duration of the punishment to which he became subject by reason of the indictment and the verdict.

We would refer the county attorney to the specific directions given by our supreme court in the cases of *Mayfield* v. *The State*, and of *Anschincks* v. *The State*, as to the proper manner in which a final judgment of conviction should be entered, and would suggest, as we have done before, that, if he will see that these directions are observed by the clerk, much time and expense would be saved to the courts and the country.

The appeal is dismissed for the want of a final judgment. *Appeal dismissed.*