### THOMAS BUTLER *v.* THE STATE.

1. FINAL JUDGMENT.—The judgment entry duly recited the proceedings prior to the verdict, and also the verdict itself, which found the accused guilty and assessed a fine against him, and then the entry concluded thus: "It is therefore ordered, adjudged, and decreed by the court that the sheriff take the defendant in custody until the fine and costs are paid." *Held,* not a final judgment of conviction.

2. APPEALS do not lie from judgments overruling motions for new trial. Early cases countenancing such appeals have been overruled.

APPEAL from the County Court of Jack. Tried below before the Hon. I. STODDARD, County Judge.

*L. C. Barrett*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. The appeal in this case must be dismissed for the reason that, agreeably to the transcript, no judgment of conviction has been rendered against the appellant, and after which alone the defendant can appeal, except in cases of *habeas corpus*. Code Cr. Proc., Art. 719 (Pasc. Dig., Art. 3183). Here the record recites the appearance of the parties, the swearing and impaneling of the jury, and all regularly enough up to and including the verdict of the jury; and from thence proceeds as follows: "It is therefore ordered, adjudged, and decreed by the court that the sheriff take the defendant in custody until the fine and costs are paid." This is not a judgment of conviction, such as is required by the statute.

A motion was made in behalf of the defendant for a new trial, which was overruled. The judgment overruling the motion is as follows: "It is therefore ordered, adjudged, and decreed by the court that said motion be overruled, and that the defendant, Thomas Butler, take nothing by said

motion, and that the state recover her costs; to which ruling of the court the defendant, by counsel, excepts and gives notice of appeal to the appellate court."

The notice of appeal should have been given to the court of appeals.

For a considerable period of time it was held by the supreme court of Texas that in a criminal case an appeal would lie from the judgment overruling a motion for a new trial. Later decisions, however, have returned to the requirements of the Code, and the cases holding the doctrine that an appeal would lie from a judgment overruling a motion for new trial merely have been expressly overruled, on the ground that such a judgment is not a judgment of conviction. *Mayfield* v. *The State*, 40 Texas, 289.

The rule laid down in Mayfield's case meeting the requirements of the Code, it was followed by the supreme court until the organization of this court, and by this court since its organization. *Anschincks* v. *The State*, 43 Texas, 587; *Young* v. *The State*, 1 Texas Ct. of App. 64; *Butler* v. *The State*, 1 Texas Ct. of App. 683.

We fail to see from the record how the case passed from the district court to the county court. For the want of a final judgment of conviction, this appeal is dismissed.

*Dismissed.*