## D. ROBERTS *v.* THE STATE.

1. FINAL JUDGMENT. — An appeal is not maintainable from a judgment overruling a motion for a new trial or in arrest of judgment. Former decisions sustaining such appeals have long since been overruled. For the requisites of a final judgment see *Mayfield* v. *The State*, 40 Texas, 289.
2. SAME. — An entry thus, "Judgment accordingly, taxing all costs against the defendant," is not a judgment.
3. STATEMENT OF FACTS. — Attention is called to articles 1490 and 3138, Paschal's Digest, for directions respecting the mode of preparing and certifying statements of facts.

APPEAL from the County Court of Franklin. Tried below before the Hon. H. L. WILLIAMS, County Judge.

*S. O. Moodie*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J. The motion on behalf of the state to dismiss the appeal taken in this case must be sustained, if for no other reason, because there does not appear to have been any judgment of conviction entered against the defendant in the County Court, and without which no appeal can be taken by the defendant in any case except in a case of *habeas corpus*. Code Cr. Proc., art. 719 (Pasc. Dig., art. 3183).

Decisions of the Supreme Court in times past sustaining appeals from the judgment overruling a motion for, or refusing to grant, a new trial, have long since been overruled by the Supreme Court, and since that time it has been uniformly held by the Supreme Court, and uniformly by this court since its organization, that a judgment of conviction entered against the accused in a criminal case is an indispensable prerequisite to an appeal. *Mayfield* v. *The State*, 40 Texas, 289; *Anschinck* v. *The State*, 43 Texas, 587; *Young* v. *The State*, 1 Texas Ct. App. 64; *Butler* v. *The State*, 1 Texas Ct. App. 683.

The only semblance of a judgment against the defendant set out in the record, except the judgments overruling the motions for new trial and in arrest of judgment, is the following : " Judgment accordingly, taxing all costs against def't." This is not a judgment of conviction, or any other judgment.

For the requisites of a judgment of conviction of crime see *Mayfield* v. *The State*, 40 Texas, 290, to which the attention of the county officers of Franklin County is specially invited. Attention is also called to articles 1490 and 3138, Paschal's Digest, for information as to the manner of preparing and certifying a statement of facts, in order that the evidence on the trial may be made available on appeal. The appeal in this case is dismissed.

*Appeal dismissed.*