## E. A. LABBAITE *v*. THE STATE.

1. FINAL JUDGMENT. — By repeated decisions it is now well established that an appeal is maintainable only from a final judgment of conviction, and is not maintainable from a judgment overruling a motion for a new trial or in arrest of judgment.

2. JUDGES, PROSECUTING ATTORNEYS, AND CLERKS OF COURTS are commended to a study of the case of *Mayfield* v. *The State*, 40 Texas, 289, for the requisites of final judgments; and are exhorted to conform thereto, and thereby avert a serious mischief illustrated by numerous decisions of the Supreme Court and this court.

APPEALS from the District Court of Lampasas. Tried below before the Hon. W. A. BLACKBURN.

Two cases against the same party were disposed of by the opinion.

*C. C. McGinniss*, for the appellant.

*H. H. Boone*, Attorney-General, for the State, moved to dismiss the appeals for want of final judgments.

WHITE, J. In each of the two above-named cases the appellant was indicted, tried, and convicted in the District Court of Lampasas County, for the crime of forgery. In the first case his punishment was assessed, by the verdict of

the jury, at imprisonment in the penitentiary for four, and in the second for six, years. So far as each case is necessary to be decided on appeal here, the questions are identically the same.

There was no final judgment rendered in either case in the court below. A motion is made in both cases, by the attorney-general, to dismiss the appeal for want of a final judgment.

It is a rule now well established by repeated decisions in this state, that an appeal is not maintainable from a judgment overruling a motion for a new trial, or in arrest of judgment, but that a judgment final of conviction is an indispensable prerequisite. *Roberts* v. *The State*, 3 Texas Ct. App. 47; citing *Mayfield* v. *The State*, 40 Texas, 289; *Auschinks* v. *The State*, 43 Texas, 587; *Young* v. *The State*, 1 Texas Ct. App. 64; *Butler* v. *The State*, 1 Texas Ct. App. 638. In addition to these authorities, see, also, *Trimble* v. *The State*, 2 Texas Ct. App. 303, and *Choate* v. *The State*, 2 Texas Ct. App. 302.

We again take occasion, as was done in several of the cases here cited, to call the special attention of county and district attorneys, and of county and district judges and clerks, to the case of *Mayfield* v. *The State*, 40 Texas, 289, for the rules prescribing what is necessary to make a judgment of conviction in a criminal case final. After so many and repeated lessons upon a matter so vital to the interests of not only the defendant, but also of the state, it is not well perceived how such errors of omission are still committed in the conduct and disposition of criminal trials.

The motion of the attorney-general, in each of these cases, is sustained, and the appeals in both cases are dismissed.

*Appeals dismissed.*