## F. PENNINGTON *v.* THE STATE.

1. RIGHT OF APPEAL — FINAL JUDGMENT — PRACTICE IN THIS COURT.— Though a convicted defendant has a right of appeal in any criminal action, yet he is not convicted until judgment final is rendered against him. If, therefore, the record on appeal shows no final judgment in the trial court against the appellant, the appeal will be dismissed by this court.

2. JUDGMENT AND SENTENCE.— See the opinion *in extenso* for the requisites of a final judgment in a felony case, and for those of the sentence to be passed thereon. Note recitals which are held insufficient to constitute a final judgment.

APPEAL from the District Court of Henderson. Tried below before A. B. WATKINS, Esq., Special Judge.

The charge against appellant was the burning of J. C. Shelton's gin-house, in Henderson county, on November 15, 1880. The jury returned a verdict of guilty, and assessed a five years term in the penitentiary as the punishment.

*W. T. Weaver*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. There is no final judgment in this case, and the appeal will have to be dismissed.

It is shown by the record that the cause came on for trial; that the parties appeared and announced ready; that a jury was impaneled and sworn; that defendant pleaded not guilty; that the jury after hearing the evidence and argument and receiving the charge of the court retired, and afterwards returned into court their verdict finding defendant guilty and assessing his punishment at five years in the penitentiary. And then the recital is, "it is therefore considered, ordered, adjudged and decreed by the court that the defendant, Frank Pennington, be remanded to the county jail from whence he came, there to await the sentence of this court." Clearly this is no final

judgment. Nor was any final judgment entered in the order overruling the motion for a new trial.

Turning to the sentence, we find it in the following language: "This day comes the district attorney, Jas. S. Hogg, prosecuting the pleas of the State, and the sheriff by order of the court brought the defendant Frank Pennington into open court, who on a former day of this term of the court, to wit, on the third day of November, 1881, had been tried and convicted of the crime of arson, by a jury of Henderson county, Texas; and no legal objection being made by the defendant why sentence should not be pronounced against him, and more than two entire days having passed since the return of the verdict of the jury finding the defendant guilty of the crime of arson preferred against him by bill of indictment, by the grand jury of Henderson county, Texas; it is therefore the order of this court that the defendant Frank Pennington be sentenced to five years imprisonment in the State penitentiary from and after the date of this sentence in accordance with the verdict of the jury aforesaid and the judgment of the court," etc.

These recitals do not constitute a final judgment. It is declared by the Code that in cases of felony "a final judgment is the declaration of the court, entered of record, showing, 1, the title and number of the cause; 2, that the case was called for trial, and that the parties appeared; 3, the plea of the defendant; 4, the selection, impaneling and swearing of the jury; 5, the submission of the evidence; 6, that the jury was charged by the court; 7, the return of the verdict; 8, the verdict; 9, in case of conviction that it is considered by the court that the defendant is adjudged to be guilty of the offense as found by the jury, or in case of acquittal that the defendant be discharged; 10, that the defendant be punished as it has been determined by the jury, in cases where they have the right to determine the amount or the dura-

tion and place of punishment, in accordance with the nature and terms of punishment prescribed in the verdict." Code Crim. Proc. art. 791.

"A sentence is the order of the court, made in the presence of the defendant and entered of record, pronouncing the judgment and ordering the same to be carried into execution in the manner prescribed by law." Code Crim. Proc. art. 792; *Mayfield* v. *State,* 40 Texas, 289; *Nathan* v. *State,* 28 Texas, 326.

It is true that a defendant in any criminal action upon conviction has the right of appeal [Code Crim. Proc. art. 837], but he cannot be said to be convicted so as to be entitled to appeal until a judgment final has been rendered against him, except in *habeas corpus* cases.

Because there is no final judgment, the appeal in this case is dismissed.

*Appeal dismissed.*