**Vernon Leon GEORGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 56169.

Court of Criminal Appeals of Texas.

Nov. 16, 1977.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was charged with possession of methaqualone, a Class A misdemeanor. See Art. 4476–15, Sections 4.02(d)(2) and 4.04(b)(3), Vernon's Ann.Civ.Stat. After a trial before the court, appellant was convicted and the trial court entered an order granting a conditional discharge and placing appellant on probation for a period of one year. From this order appellant gave notice of appeal.

Section 4.12 of the Controlled Substances Act (Art. 4476–15, Vernon's Ann.Civ.Stat.), provides for conditional discharge. That statute states:

"(a) If any person who has not previously been convicted of an offense under this Act, or, subsequent to the effective date of this Act, under any statute of the United States or of any state relating to a substance that is defined by this Act as a controlled substance, is charged with a violation of this subchapter or is found guilty of a violation of this subchapter after trial or on a plea of guilty, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and place him on probation on such reasonable conditions as it may require and for such period as the court may prescribe, except that the probationary period may not exceed two years.

"(b) Upon violation of a condition of the probation, the court may enter an adjudication of guilt, pronounce sentence, and punish him accordingly. The court may, in its discretion, dismiss the proceedings against the defendant and discharge him from probation before the expiration of the maximum period prescribed for his probationary period. If during the period of his probation the defendant does not violate any of the conditions of the probation, then upon expiration of the probationary period the court shall discharge him and dismiss the proceedings against him. Discharge and dismissal under this subsection shall be without an adjudication of guilt, but a nonpublic record of the proceedings shall

be retained by the director [1] solely for use by the courts in determining whether or not, in subsequent proceedings, the person qualifies for conditional discharge under this section.

"(c) A discharge or dismissal under this section shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law for conviction of a crime, including any provision for enhancement of punishment for repeat or habitual offenders. There may be only one discharge and dismissal under this section with respect to any person.

"(d) This section shall not be construed to provide an exclusive procedure. Any other procedure provided by law relating to suspension of trial or probation may be followed, in the discretion of the trial court."

Unlike the provisions of Art. 42.12, Vernon's Ann.C.C.P. (Adult Probation and Parole Law) [2] and Art. 42.13, Vernon's Ann.C.C.P. (Misdemeanor Probation Law),[3] there is no provision in Section 4.12, supra, for appealing an order granting a conditional discharge.[4] Consequently, the appeal must be dismissed. *Millican v. State*, 145 Tex. Cr.R. 195, 167 S.W.2d 188 (1942); *Lamkin v. State*, 138 Tex.Cr.R. 311, 136 S.W.2d 225 (1940).

Nor can it be argued that this case may be appealed as a criminal conviction. Before a case can be appealed as a criminal conviction, there must *be* a conviction, as well as a judgment evidencing that conviction. See *Burrell v. State*, 16 Tex. 147 (1856); *Russell v. State*, 288 S.W.2d 502 (Tex.Cr.App.1956). In accord with the re-

quirements of Section 4.12, the trial court did not convict this appellant and, accordingly, did not enter a judgment of guilt.

The appeal is dismissed.

---

1. "Director" means the Director of the Texas Department of Public Safety or an employee of the Department designated by him. Art. 4476–15, Section 1.02(9), Vernon's Ann.Civ.Stat.

2. Section 8(b) of this statute provides, in part:
    "The right of the probationer to appeal to the Court of Criminal Appeals for a review of the trial and conviction, as provided by law, shall be accorded the probationer at the time he is placed on probation."
    See also Art. 44.08(b), Vernon's Ann.C.C.P., which governs the time for giving notice of appeal in such cases, and *Eastwood v. State*, 538 S.W.2d 107 (Tex.Cr.App.1976), and *Steffen*

*v. State*, 525 S.W.2d 162 (Tex.Cr.App.1975). Compare, however, Section 3d of Art. 42.12, supra.

3. Section 8(a) of this statute provides, in part:
    "A probationer, at the time he is granted probation, may appeal his conviction as in other cases."
    See also Art. 44.08(b), supra, and *McIntosh v. State*, 534 S.W.2d 143 (Tex.Cr.App.1976).

4. See *Richie v. State*, 542 S.W.2d 422 (Tex.Cr. App.1976), which dealt with an appeal from an order revoking a conditional discharge under Section 4.12, supra.