

# The Attorney General of Texas

April 7, 1980

**MARK WHITE**
**Attorney General**

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Maurice S. Pipkin
Executive Director
State Commission on Judicial Conduct
Austin, Texas

Opinion No. MW-162

Re: Whether or not a county clerk may assess the fees prescribed in article 1064, Code of Criminal Procedure, in a case in which the proceedings have been deferred and ultimately dismissed pursuant to article 6701d, section 143A.

Dear Mr. Pipkin:

You have asked whether the county clerk's fees provided for in article 1064, Code of Criminal Procedure, may be assessed in cases where the judge in his discretion defers the proceedings to permit the defendant to complete a defensive driving course after which the charges are dismissed. V.T.C.S. art. 6701d, § 143A. There is no provision for entry of a conviction nor finding of guilt. After dismissal the evidence of the original charge may not be used for any purpose. Id. Such a deferred proceeding without entry of guilt has been held constitutional. Baker v. State, 158 S.W. 998 (Tex. Crim. App. 1913).

Article 1064, Code of Criminal Procedure, provides:

> (1) The clerks of the county courts, county courts at law and district courts shall be allowed the following fees:
>
> (a) A fee of Fifteen Dollars ($15.00) in each cause filed in said courts: for filing complaints, information, for docketing and taxing costs for each defendant, for issuing original writs, issuing subpoenas, for swearing and impaneling a jury, receiving and recording verdict, for filing each paper entered in this cause, for swearing witnesses and for all other clerical duties in connection with such cause in county and district courts.
>
> (b) A fee of One Dollar ($1.00) per page or part of a page, to be paid at the time each order is placed, for issuing each certified copy, transcript or any other

paper authorized, permitted, or required, to be issued by said county clerk or clerk of county courts or clerk of district courts.

In a prior opinion this office has determined that the above fee may not be assessed where the defendant has been granted a conditional discharge under the Controlled Substances Act, article 4476-15, V.T.C.S., section 4.12.   Attorney General Opinion H-1135 (1978). Under that Act the accused may be placed on probation without the entry of guilt.   The fees of article 1064, Code of Criminal Procedure, may be assessed only upon a conviction. Attorney General Opinions H-1135 (1978); O-6093 (1944).   The deferred proceedings under the Controlled Substances Act are not appealable since there is no entry of conviction. George v. State, 557 S.W.2d 787 (Tex. Crim. App. 1977).

Section 143A, article 6701d states:

'Sec. 143A. (a) When a person is charged with a misdemeanor offense under this Act, other than a violation of Section 50 or 51, committed while operating a motor vehicle, the court:

'(1) in its discretion may defer proceedings and allow the person 90 days to present evidence that, subsequent to the alleged act, the person has successfully completed a defensive driver's course approved by the Texas Department of Public Safety or other driving safety course approved by the court; or

'(2) shall defer proceedings and allow the person 90 days to present written evidence that, subsequent to the alleged act, the person has successfully completed a driving safety course approved by the court, if:

'(A) the person presents to the court an oral request or written motion to take a course;

'(B) the person has a valid Texas driver's license or permit; and

'(C) the person's driving record as maintained by the Texas Department of Public Safety does not indicate successful completion of a driving safety course under this subdivision within the two years immediately preceding the date of the alleged offense.

'(b) When the person complies with the provisons of Subsection (a) of this section and the evidence presented is accepted by the court, the court shall dismiss the charge.

When a charge is dismissed under this section, the charge may not be part of the person's driving record or used for any purpose, but the court shall report the fact that a person has successfully

completed a driving safety course and the date of completion to the Texas Department of Public Safety for inclusion in the person's driving record.  The court shall note in its report whether the course was taken under the procedure provided by Subdivision (2) of Subsection (a) of this section for the purpose of providing information necessary to determine eligibility to take a subsequent course under that subdivision.'

Although the provision does not explicitly state that the proceedings are deferred "without entering a judgment of guilt" as does the provision for conditional discharge under the Controlled Substances Act, we believe that section 143A implies that no judgment of conviction is entered.  The section states that the "charge" shall be dismissed and makes no reference to setting aside a conviction.  Therefore we believe the reasoning and authorities contained in Attorney General Opinion H-1135 (1978) are applicable to the question herein posed and compel us to conclude that the fees may not be assessed.

## SUMMARY

The fees provided for in article 1064, Code of Criminal Procedure, may not be assessed where the misdemeanor proceedings have been deferred pursuant to article 6701d, section 143A, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood