Edward Lee LeBLANC, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 210 CR.

Court of Appeals of Texas,
Beaumont.

April 4, 1984.

Rehearing Denied May 9, 1984.

Discretionary Review Refused
Oct. 3, 1984.

Joseph C. Hawthorne, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

BROOKSHIRE, Justice.

The Appellant was tried in the County Court at Law #2 of Jefferson County for the original offense of intentionally and knowingly possessing marihuana in a usable quantity of under two ounces. The Appellant signed and filed a written document entitled "Waiver of Trial by Jury and Plea of Guilty—Defendant Represented by Counsel". The Court, in the best interest of society and this Appellant, entered a deferred adjudication order and provided for a probationary period of six months under the usual conditions on January 12, 1983. The State filed a Motion to Revoke Unadjudicated Probation in May of 1983 which was superseded by a First Amended Motion to Revoke Unadjudicated Probation filed July 11, 1983. The trial court then found that the Appellant had violated the terms of probation on March 16, 1983, by knowingly possessing a controlled substance; namely, Methamphetamine, in a quantity less than 28 grams, in violation of Condition (1) of the probation order and that the Appellant intentionally possessed a

controlled substance listed in Penalty Group II of the Texas Controlled Substances Act; namely, Tetrahydrocannabinols, being other than marihuana, in a quantity less than 28 grams, in violation of Condition (1) of the probation order and; furthermore, on March 16, 1983, the Appellant was then and there present at 1611 Corley # 9, Beaumont, while a criminal act, possession of Methamphetamine and Tetrahydrocannabinols, was being committed, in violation of the third condition of the probation order. This appeal followed.

Appellant candidly concedes that the original information is regular on its face and not fundamentally erroneous and that Appellant waived a jury and the right to present and to confront witnesses and entered a plea of no contest and made an application for probation. The record is also transparently clear that the Appellant appeared before the County Court at Law in person and with his able, astute attorney of record and stated that he understood the nature of the charge against him, the penalty range for the offense charged and that he waived arraignment and the reading of the information. The Appellant also represented to the Court that he desired to make immediate disposition of the case (as set out in the original information) and at once entered his plea of no contest herein, waived his right to present witnesses in his own behalf and he affirmatively submitted his case to the trial court on all issues of law and fact; then the Appellant prayed that the trial court *proceed immediately to accept his plea and waivers and enter judgment and sentence* therein in the manner provided by law. The Appellant also filed a pleading asking for probation and affirmatively prayed for misdemeanor adult probation. Appellant acknowledged having received a copy of the Deferred Adjudication Order and unequivocally, fully understood each of the conditions imposed; that is to say, *he fully understood the terms and conditions of the probation order and that his probation could be revoked for any violation.* This acknowledgement of the receipt of the order and the understanding of the order and the

consequences of its violation were joined in and tacitly approved not only by the Appellant but also by his attorney of record. After a proper hearing, Appellant was sentenced to 60 days confinement in the County Jail. In a very straight-forward and completely candid fashion, the Appellant unequivocally states that he does not challenge the sufficiency of the evidence to support the State's Motion to Revoke presented at the revocation hearing. The Appellant has not been incarcerated during this appeal.

The *only attack made here* is upon the initial hearing on the original charge which resulted in the first entry of the order deferring the adjudication of guilt; and, as a corollary thereto, that the trial court had *no jurisdiction to even hear the Motion to Revoke because of a pending habeas corpus proceeding in an appellate court.* The basic thrust is that the trial court committed grevious error at the original hearing by entering its deferred adjudication order allegedly without hearing testimonial or documentary evidence to substantiate guilt, although the Appellant, with his attorney of record being beside him in open court, pleaded no contest. Appellant avers that *TEX.CODE CRIM. PROC.ANN., Art. 42.13, Sec. 3d(b)* (1981 [sic]) requires the trial court to hear additional testimonial evidence or documentary evidence or other type of evidence even in a misdemeanor case. Although the order of the court affirmatively recites that the judge did hear evidence, the trial judge executed an affidavit to the effect that his regular procedure was not to receive evidence, as such (i.e., apparently by testimonial, documentary, oral or other evidence) substantiating the Appellant's guilt when the Appellant pleaded guilty or nolo contendere prior to finding him guilty or deferring the adjudication of his guilt punishment pursuant to *TEX.CODE CRIM. PROC.ANN., Art. 42.13, Sec. 3d(a)* (Vernon Supp.1984). The affidavit further states that, on January 12, 1983, the able, learned trial judge accepted two pleas of nolo contendere from Mr. Edward Lee Le-

**546**

Blanc in Cause No. 101,488 and No. 104,-016; that the documents signed by the Appellant and his attorney were proper and that the Appellant admitted that his purported signature was authentic and true. The affidavit unequivocally states that the trial judge did not hear any evidence for the record that substantiated the Appellant's guilt to the offenses charged but that, at the time the Appellant's plea was given, the mother of the Appellant did present a purported doctor's letter, being hearsay, that stated that the Appellant had cancer and that marihuana had been recommended to him to alleviate the nausea he suffered from chemotherapy. Also, at that time, the Appellant's mother lifted a wig from the Appellant's head to show he was bald from undergoing chemotherapy. The trial judge did not recall hearing any other facts at the time of the Appellant's pleas.

 Appellant also argues that *TEX. CODE CRIM.PROC.ANN., Art. 1.15* (Vernon 1977) prohibits, in mandatory language, allowing a guilty plea standing alone without substantiating *evidence to support a felony conviction*. But *this case is a misdemeanor case*. To us, the reading of the said *Art. 1.15* appears to apply to *felony proceedings only and not to misdemeanors*. We find that in a misdemeanor proceeding *TEX.CODE CRIM. PROC.ANN., Art. 27.14* (Vernon's 1966 to 1983 Pamphlet Supplement) provides that, in a situation where a plea of "guilty" or a plea of "nolo contendere" is entered, the punishment may be assessed by the court either upon or without evidence at the discretion of the court. Historically, this same *TEX.CODE CRIM.PROC.ANN., Art. 27.14* (Vernon's 1966) (before the more recent amendments), being under the Acts of 1965, 59th Legislature, Vol. 2, p. 317, ch. 722, provided that punishment may be assessed by the court either upon or without evidence, at the discretion of the defendant. *In our instant case, although there was apparently ample, meaningful and realistic opportunity, neither the Appellant nor the Court chose to exercise discretion in favor of hearing evidence.* The present statute placed the sole discretion in the

Court by an amendment of the Acts of 1967 of the 60th Legislature. In the General and Special Laws of Texas, of the 60th Legislature Regular Session, commonly known as the Session Laws, at page 1738, we find:

"Article 27.14 Plea of guilty or nolo contendere in misdemeanor

" 'A plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court....' "

The Appellant, with admirable and laudible candor, concedes outright that his plea of "no contest" is, both as a matter of fact and in law, the same as a plea of "nolo contendere" as that expression is used in the Texas Code of Criminal Procedure. In *Brown v. State*, 507 S.W.2d 235 (Tex.Crim. App.1974), at page 238, we find:

"It is well established under this statute and its forerunners that where the plea of guilty in a misdemeanor case is before the court the trial court is not required to hear evidence on a plea of guilty. [citing many cases] It has been held that by such plea of guilty the defendant admits every element of the offense charged. *Ex Parte Clinnard*, supra."

See also *Isam v. State*, 582 S.W.2d 441 (Tex.Crim.App.1979). We quote from *Ex Parte Clinnard*, 169 S.W.2d 181 (Tex.Crim. App.1943), at page 182:

"... [W]e deem it sufficient to say that in a misdemeanor case where the defendant enters a plea of guilty, it is not necessary to introduce evidence showing the guilt of the defendant, because Article 502, C.C.P., has application to *felony cases only....* By his plea of guilty appellant admitted every element constituting the offense charged." (emphasis added)

We find it well settled law also, of course, that a plea of nolo contendere is, for all practical purposes, the same as a plea of guilty under our record. We hold that the plea here made by this misdemeanor offender, the Appellant herein, is, under well established law, sufficient, adequate and probative evidence to substantiate the Appellant's guilt under *TEX.CODE CRIM. PROC.ANN., Art. 42.13, Sec. 3d(a)* (Vernon Supp.1984). For brevity and clarity, we recite parts of the crucial *Sec. 3d(a):*

> "... [W]hen in its opinion the best interest of society and the defendant will be served, the court *may,* after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on probation ... However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court *shall* proceed to final adjudication as in all other cases." (emphasis added)

*TEX.CODE CRIM.PROC.ANN., Art. 42.13, Sec. 3d(b)* (Vernon Supp.1984) states:

> "(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this article. The defendant is entitled to a hearing limited to a determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* (emphasis added)

In the instant case, the Appellant filed no written notice within 30 days mandating the trial court to proceed to final adjudication. LeBlanc simply failed to exercise that valuable, necessary right or prerogative. The trial court proceeded under *TEX. CODE CRIM.PROC.ANN., Art. 42.13, Sec. 3d(b)* (Vernon Supp.1984) wherein the Appellant was entitled to a hearing, which he had, *but which was a limited hearing,* to determine whether the Court proceeded to an adjudication of guilt on the original charge. This was done. The trial court has absolute discretion by paramount legislative enactment. The legislature, by the governing, paramount statute, has disallowed an appeal to be taken from this determination. Appellant makes no constitutional attack on this statutory method enacted by the legislature.

This is a tragic case. Undoubtedly, this young Appellant had, at one time, in the past, serious medical problems and took chemotherapy. As of the date of this opinion, we do not know and have no way of knowing his present state of health. It should be remembered, however, that the motion to revoke, the sufficiency of which is not in any way challenged by this Appellant, was not based on his possessing marihuana to lessen or ameliorate the devastating side effects of the chemotherapy but rather *was based on different and independent grounds,* being violation of the conditions of his probation order, a copy of which he received and acknowledged that he understood the same and that he was aware of the fact that violations of this probation order could result in the revocation of probation.

The Appellant's second ground of error simply says the trial court could not proceed on the Motion to Revoke while the Court of Appeals had jurisdiction over the Appellant. But, immediately, the Appellant concedes that this particular issue has been recently resolved adversely to him by the Dallas Court of Appeals in *Peters v. State,* 651 S.W.2d 31 (Tex.App.—Dallas 1983). However, the Court of Criminal Appeals has granted a discretionary petition for review, which is still pending, as far as we know, as of the date of this opinion. We have carefully read *Peters v. State, supra,* and feel that it is well-reasoned and correctly decided. We feel constrained to also point out the case of *McDougal v. State,* 610 S.W.2d 509 (Tex.Crim.App., En Banc, 1981). There, the high court, without a dissent, held that an appellate court has no jurisdiction to review an order deferring adjudication of guilt and placing a defendant on probation, citing *TEX.CODE*

CRIM.PROC.ANN., Art. 42.13, Sec. 3d. We quote from the opinion at page 509:

"We conclude that the clear import of these statutory provisions is likewise to preclude appellate review of an order deferring adjudication. See *George v. State*, 557 S.W.2d 787 (Tex.Cr.App.1977). If a defendant is dissatisfied with the decision to defer adjudication or with the terms and conditions of the order, his proper remedy is to move for final adjudication as provided in Art. 42.12, Sec. 3d(a) and Art. 42.13, Sec. 3d(a). After adjudication of guilt, a defendant's normal appellate remedies are available to him."

Our Appellant, young Mr. Edward LeBlanc,[1] Jr., did not file or present such a timely motion as required by the statutes above cited.

We stress that the First Amended Motion to Review Unadjudicated Probation showed to the trial court that Edward Lee LeBlanc, Jr., intentionally and knowingly possessed Methamphetamine in a quantity less than 28 grams and also that Edward Lee LeBlanc, Jr., intentionally and knowingly possessed Tetrahydrocannabinols and that Edward Lee LeBlanc, Jr., was present while a criminal act was being committed. The State did not move to revoke for possession of a substance, *possibly* useful, to ameliorate nausea resulting from chemotherapy treatments.

We affirm.

---

**1.** The Appellant is referred to in the record as Edward Lee LeBlanc and Edward Lee LeBlanc, Jr.