**Gerhard Ludwig HELMLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–87–090–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1988.

Jerry S. Payne, Bertrand C. Moser, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for possession of three grams of methamphetamine. Appellant pleaded nolo contendere to the charge, the trial court found him guilty and on April 23, 1986, placed him on probation for four years, assessed a $1500.00 fine, and deferred the adjudication of Appellant's guilt. Appellant's Motion for New Trial, attacking the voluntariness of his plea, was denied June 4, 1986. Six months later, on December 3, 1986, Appellant filed a Motion to Adjudicate Guilt under Article 42.12, § 3d(a) of the Code of Criminal Procedure. Pursuant to Appellant's Motion, the court pronounced him guilty of possession of methamphetamine and assessed his punishment at four years confinement in the Texas Department of Corrections, probated, and a $1500.00 fine.

The State asserts that the trial court was without jurisdiction to adjudicate the guilt of Appellant because Appellant failed to file his Motion to Adjudicate within the statutory 30 day period prescribed by Article 42.12, § 3d(a). We agree.

Article 42.12, § 3d(a) provides in relevant part:

> [W]hen in its opinion the best interest of society and the defendant will be served, the court may, after receiving plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation.... However, upon written motion of the defendant requesting final adjudication *filed within 30 days* after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases. (Emphasis added.)

Tex.Code Crim.Proc.Ann. art. 42.12, § 3d(a) (Vernon Supp.1988). If a defendant is dissatisfied with the trial court's decision to defer adjudication of guilt or with the terms of the deferred adjudication order, his remedy is to move for a final adjudication within 30 days as provided in Article 42.12, § 3d(a). *McDougal v. State*, 610 S.W.2d 509 (Tex.Crim.App.1981); *Rodriguez v. State*, 680 S.W.2d 585, 587 (Tex. App.—Corpus Christi 1984, no pet.); *Le-Blanc v. State*, 679 S.W.2d 544, 547–548 (Tex.App.—Beaumont 1984, pet. ref'd). If a defendant complies with this requirement and has guilt adjudicated and a sentence imposed, then the normal appellate remedies are available to him. *McDougal v. State*, 610 S.W.2d at 509.

There is no provision in the code that allows a defendant to move for adjudication of guilt after the expiration of the thirty days. The trial court has no jurisdiction to act after the expiration of the thirty day period unless the State, pursuant to Article 42.12, § 3d(b), files a motion to adjudicate guilt during the remainder of the probationary period alleging that the defendant has violated a condition of his probation.

We are aware of the decision of the Court of Criminal Appeals in *David v. State*, 704 S.W.2d 766 (Tex.Crim.App. 1985). However, that case involved a motion to adjudicate under 42.12, § 3d(b) rather than 42.12, § 3d(a). It is clear that there is a right to appeal from the original plea proceedings following an adjudication of guilt when the State files a motion for adjudication under 42.12, § 3d(b). Tex. Code Crim.Proc.Ann. art. 42.12, § 3d(b) (Vernon Supp.1988); *Ex parte Hernandez*, 705 S.W.2d 700, 703 (Tex.Crim.App.1986); *David v. State*, 704 S.W.2d at 767; *Anderson v. State*, 720 S.W.2d 604, 606 (Tex.App.—Houston [14th Dist.] 1986, no pet). We do not believe the *David* case authorizes the trial court to adjudicate guilt on a motion filed by the defendant more than thirty days after the date adjudication was deferred.

■ We hold that if a defendant fails to file a motion to adjudicate within the thirty day period prescribed by Article 42.12, § 3d(a) he shall have waived that right, thereby waiving his right to appeal from the original plea proceedings. We believe that the thirty-day requirement must be strictly applied as are all other appellate timetables. To interpret the statute otherwise would allow a defendant the open-ended opportunity to accept the benefits of deferred adjudication for periods of up to ten years, and then, at his discretion, move for adjudication and launch an appeal from the original plea proceedings. Such a procedure would not serve the purpose of the deferred adjudication statute and would not facilitate the efficient administration of the criminal justice system.

We further find that the trial court was without jurisdiction to adjudicate Appel-

lant's guilt. Without a final adjudication of guilt this court has no jurisdiction to consider Appellant's appeal. *McDougal v. State*, 610 S.W.2d at 509; *Evans v. State*, 690 S.W.2d 112, 114 (Tex.App.—El Paso 1985, pet. ref'd); *Lassiter v. State*, 672 S.W.2d 632 (Tex.App.—Corpus Christi 1984, no pet.).

Accordingly, the appeal is dismissed.