**Michael Timothy HANCOCK, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–157–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 31, 1988.

Tim Evans, Allan K. Butcher, Zachry, Kearney, Hill, Beatty, & Butcher, Fort Worth, for appellant.

Elaine Carpenter, Asst. Dist. Atty., Jerry Cobb, Criminal Dist. Atty., Gwinda Burns, Asst. Dist. Atty., Chief of the Appellate Section, Ron Wilson, Asst. Criminal Dist. Atty., Denton, for the State.

Before BURDOCK, FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Michael Timothy Hancock, appeals from a conviction by the court for delivery of a controlled substance, to-wit: marihuana. *See* TEX.REV.CIV.STAT. ANN. art. 4476–15, sec. 4.05 (Vernon Supp. 1988). Pursuant to a plea bargain agreement, appellant received a two-year probated sentence.

The cause is dismissed.

The following is a chronology of events leading to the present appeal. On July 25, 1985, appellant pled guilty to delivery of marihuana over one-fourth ounce but under four ounces. Prior to this open plea appellant signed a "Waiver of Rights at Arraignment," a "Waiver of Appeal," an "Application and Consent to Waive a Jury," and an "Application for Probation." The Court admonished appellant that he would be waiving the right to confront witnesses, have them cross-examined by his lawyer, and his right to a trial by jury. Appellant agreed. Appellant further stated that he understood the penalty range as admonished by the court.

Appellant signed a stipulation which the trial court stated was a judicial confession. He told the court that the confession was signed voluntarily and willingly. Based on the judicial confession, the trial court found sufficient evidence to find appellant guilty, but deferred adjudication and placed him on intensive supervised probation. On June 20, 1986, the State filed a motion to proceed with adjudication of guilt alleging appellant violated a term of his probation due to an alleged assault.

On October 16, 1986, appellant filed a pro se motion for new trial alleging: the prosecutor failed to disclose exculpatory evidence; appellant was denied due process and due course of law; appellant's plea was not constitutionally free and voluntary; and appellant is "truly innocent" as another party committed the offense. On October 23, 1986, the trial court granted appellant's motion. On November 12, 1986, the Texas Court of Criminal Appeals denied without written order the State's motion for leave to file an application for a writ of mandamus, filed in an attempt to declare the order granting appellant's new trial void. On July 10, 1987, after a hearing, appellant's motion to suppress his prior stipulation was overruled. Afterwards, appellant, his attorney and the State signed a plea bargain agreement, which was followed by the court at trial that same day.

By his first point of error, appellant contends the trial court erred in overruling appellant's motion to suppress the stipulation signed by appellant prior to the first trial, relying on rule 410 of the Texas Rules of Criminal Evidence and Weinstein's Evidence in support of his entire brief. The State initially asserts that the trial court was without jurisdiction to grant a new trial.

Article 42.12 of the Texas Code of Criminal Procedure provides for deferred adjudication as follows:

(a) Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings

without entering an adjudication of guilt, and place the defendant on probation. In a felony case, the period of probation may not exceed 10 years. In a misdemeanor case, the period of probation may not exceed the maximum period of confinement prescribed for the offense. The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation, including any of the conditions enumerated in Section 6 and 6a of this Article. However, upon written motion of the defendant requesting final adjudication *filed within 30 days* after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases.

TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 3d(a) (Vernon Supp.1988) (emphasis added). If a defendant is dissatisfied with the trial court's decision to defer adjudication of guilt or with the terms of the deferred adjudication order, his remedy is to move for final adjudication within thirty days as provided by the statute. *McDougal v. State,* 610 S.W.2d 509 (Tex.Crim. App.1981); *Le Blanc v. State,* 679 S.W.2d 544, 547–48 (Tex.App.—Beaumont 1984, pet. ref'd). There is no provision in the code that allows a defendant to move for adjudication of guilt after the expiration of thirty days. The trial court has limited jurisdiction to act after the expiration of the thirty-day period. *Helmle v. State,* 746 S.W.2d 301, 303 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *see* TEX.CODE CRIM. PROC.ANN. art. 42.12, sec. 3d(c) (Vernon Supp.1988). The State may file a motion for adjudication under article 42.12, section 3d(b) during the remainder of the probationary period alleging that the defendant has violated a condition of his probation. *Compare David v. State,* 704 S.W.2d 766, 767 (Tex.Crim.App.1985). This motion by the State does not extend appellant's time in which to file for adjudication. *Helmle,* 746 S.W.2d at 303. In *Helmle,* Justice Sears, writing for the court, noted the following:

> We hold that if a defendant fails to file a motion to adjudicate within the thirty day period prescribed by Article 42.12,

section 3d(a) he shall have waived that right, thereby waiving his right to appeal from the original plea proceedings. We believe that the thirty-day requirement must be strictly applied as are all other appellate timetables. To interpret the statute otherwise would allow a defendant the open-ended opportunity to accept the benefits of deferred adjudication for periods of up to ten years, and then, at his discretion, move for adjudication and launch an appeal from the original plea proceedings. Such a procedure would not serve the purpose of the deferred adjudication statute and would not facilitate the efficient administration of the criminal justice system.

*Helmle,* 746 S.W.2d at 303.

■ Requesting a motion for new trial is not the correct manner in which to proceed. No conviction, final or otherwise, has resulted until the trial court has entered judgment and sentenced the defendant, where sentences are required. An adjudication of guilt does not amount to a conviction. For the purposes of these statutes, a conviction is an adjudication of guilt plus an assessment of punishment. *McNew v. State,* 608 S.W.2d 166, 171 (Tex.Crim.App. [Panel Op.] 1978), *citing Woods v. State,* 532 S.W.2d 608 (Tex.Crim.App.1976). Since the procedures delineated in article 42.12, section 3d(a) do not involve an adjudication of guilt until after probation is revoked, deferral of adjudication does not constitute a finding of "guilty." *McNew,* 608 S.W.2d at 173. A motion for new trial seeks "the rehearing of a criminal action after a finding or verdict of guilty has been set aside upon motion of the accused." TEX.R.APP. P. 30. In this fact situation, it is improper for the defendant to receive a "new trial" prior to the completion of the initial proceedings.

■ Even were we to construe appellant's motion as a request for final adjudication, the motion was filed approximately one year and three months after the trial court deferred adjudication, thereby waiving his right to appeal from the original

plea proceedings. *Helmle*, 746 S.W.2d at 303; TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 3d(a).

We hold that the trial court was without authority to grant appellant's motion for "new trial" and the proceedings in connection therewith determined nothing. Without a final adjudication of guilt, this court has no jurisdiction to consider appellant's appeal. *McDougal*, 610 S.W.2d at 510.

Accordingly, the appeal is dismissed.