**Rolando RUBIO, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–283–CR.**

Court of Appeals of Texas,
Fort Worth.

Nov. 12, 1992.

lenge under Tex. Const. art. I, § 19. The due process protections afforded by the Texas and

Ruben Sandoval, San Antonio, for appellant.

Tim Curry, Criminal Dist. Atty., and Lynn Allison, Asst., Fort Worth, for the State.

Before FARRIS, MEYERS and DAY, JJ.

CORRECTED OPINION

MEYERS, Justice.

Pursuant to our plenary power, on the Court's own motion we withdraw our prior opinion dated September 23, 1992. *See Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 702 (Tex.1990); Tex. Gov't Code Ann. § 22.218 (Vernon 1988). This opinion is substituted merely to clarify footnote one and is in all other matters identical to our opinion of September 23, 1992.

Appellant, Rolando Rubio, was charged with official oppression to which he pled guilty pursuant to a plea bargain. On April 15, 1991, he received deferred adjudication probation for one year. Appellant filed a motion for new trial on May 14, 1991. The trial court denied appellant's motion on the basis of lack of jurisdiction.

We dismiss for lack of jurisdiction.

Appellant, a police officer, was charged with official oppression, under Tex. Penal Code Ann. § 39.02 (Vernon Supp.1992) (intentionally subjecting another to sexual harassment). This charge was a result of an incident which occurred when appellant stopped a female motorist for a traffic violation and discovered that the motorist had a warrant out for her arrest. At this point, the motorist claimed that appellant initiated sexual contact against her wishes. Appellant maintained his innocence but pled guilty and received deferred adjudication for one year and a fine of $500.00. Subsequently, appellant made a motion for new trial. The basis of his motion was the

United States Constitutions are the same. *Garza–Vale,* 796 S.W.2d at 505.

discovery of a taped interview with the motorist which was in the State's possession. Appellant claims that this interview is newly discovered evidence which reveals that the motorist initiated and consented to the sexual contact. The trial court denied appellant's motion because he received deferred adjudication and because he did not make the motion for new trial within seventy-five days after the judgment suspending imposition of sentencing was signed.

Appellant's points of error are whether: 1) the trial court had jurisdiction to hear appellant's motion for new trial; 2) the trial court had jurisdiction to hear a motion for new trial in a deferred adjudication case; 3) the trial court erred in denying appellant's motion for new trial; and 4) the indictment was fundamentally defective. The State argued that we have no jurisdiction over appellant's direct appeal because his guilt was never adjudicated and because he failed to perfect his appeal.

First we consider whether we have jurisdiction to hear this appeal. Appellant argues that a defendant placed on deferred adjudication may appeal even though he has not been convicted of any crime. *Dillehey v. State*, 815 S.W.2d 623 (Tex.Crim. App.1991), is the authority appellant relies on for his argument.

Before *Dillehey*, the law was settled that courts had no jurisdiction to review an order deferring adjudication and placing the defendant on probation. *McDougal v. State*, 610 S.W.2d 509, 509 (Tex.Crim.App. 1981). The proper remedy for a defendant dissatisfied with the deferred adjudication was to move for final adjudication within thirty days; then, after the adjudication of guilt, the defendant's normal appellate remedies were available to him. *Id.; Helmle v. State*, 746 S.W.2d 301, 302 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd)

(trial court is without jurisdiction to adjudicate guilt if defendant does not file the motion within the thirty-day period).

These decisions were based on the Court of Criminal Appeals' construction of the statutes governing a criminal defendant's rights to appeal a trial court's determination to proceed with adjudication of guilt. *McDougal*, 610 S.W.2d at 509 (at that time the provision was TEX. CODE CRIM.PROC.ANN. art. 42.12, § 3d (Vernon 1979) (now TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5 (Vernon Supp.1992)); *Helmle*, 746 S.W.2d at 302. The Court of Criminal Appeals concluded that the clear import of the provision was likewise to preclude appellate review of an order deferring adjudication. *McDougal*, 610 S.W.2d at 509.

In *Dillehey*, the Court of Criminal Appeals researched the legislative history of the recodification of TEX. CODE CRIM.PROC. ANN. art. 44.01(j) (Vernon Supp.1992). *Dillehey*, 815 S.W.2d at 624. Article 44.01 governs the State's right to appeal, but subsection (j) states:

> Nothing in this article is to interfere with the defendant's right to appeal under the procedures of Article 44.02 of this code. The defendant's right to appeal under Article 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code, as well as any other punishment assessed in compliance with Article 44.02 of this code.

TEX. CODE CRIM.PROC.ANN. art. 44.01(j). Article 44.02 allows defendants to appeal pretrial motions or matters which the trial court gave permission to appeal. TEX. CODE CRIM.PROC.ANN. art. 44.02 (Vernon Supp.1992).[1] With that in mind, the specific holding of *Dillehey* is that defendants

---

1. The Court of Criminal Appeals refers to article 44.02 in *Dillehey* even though they repealed the *proviso* of article 44.02 by orders on December 18, 1985, effective September 1, 1986, and on April 10, 1986, effective September 1, 1986. *Order of April 10, 1986 Promulgating New Rules of Appellate Procedure*, 707 S.W.2d XXIX (1986). Rule 40(b)(1) of the Rules of Appellate Procedure now contains the *proviso* language of article 44.02—namely that:

[I]n order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX.R.APP.P. 40(b)(1).

who received deferred adjudication probation and who have not been adjudicated guilty may appeal under article 44.02. *Dillehey*, 815 S.W.2d at 626; *see Kite v. State*, 788 S.W.2d 403, 404 n. 1 (Tex.App.—Houston [1st Dist.] 1990, no pet.) (allowing a defendant placed on deferred adjudication to appeal the trial court's ruling on a pretrial motion to suppress evidence).

In the case at hand, appellant is not appealing a ruling on a pretrial motion. Neither is he appealing with the permission of the trial court. Appellant simply does not have a *Dillehey* appeal. We hold that we do not have jurisdiction over this appeal.

Because of our holding that there is no jurisdiction over this appeal, we need not address appellant's points of error.

Appeal dismissed for lack of jurisdiction.