Trout v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-030-CR

     BERRY TROUT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 11,387
                                                                                                    

O P I N I O N
                                                                                                    

      A grand jury indicted Berry Trout on two counts for taking and attempting to take a usable
amount of marihuana into a county jail, a third-degree felony. Tex. Loc. Gov't Code Ann. §
361.082 (Vernon Supp. 1995) (repealed by Acts 1991, 72nd Leg., 2nd C.S., ch. 10, § 5.03,
effective Oct. 1, 1991). Ultimately, after deferred adjudication and alleged violations resulting
in Trout's adjudication, the court found him "guilty of the offense of possession of a controlled
substance in a county jail" and sentenced him to eight years' confinement. 
      Section 361.082, the statute in effect at the time of Trout's alleged offense and the basis for
his indictment, criminalized taking and attempting to take a controlled substance or dangerous
drug (including marihuana) into a county jail, but did not address the possession of such drugs in
a county jail. Id. However, section 481.121 of the Texas Health and Safety Code proscribes the
possession of a usable amount of marihuana. Tex. Health & Safety Code Ann. § 481.121(a)
(Vernon Supp. 1995).
      Trout asserts in point one that his conviction is void because he was convicted under a
repealed statute. Second, he complains that he was convicted of an offense that (1) does not exist
under Texas law; and (2) varies from the offense charged in the indictment. Finally, he alleges
in point three that the district court's order was ineffective to place him on deferred adjudicated
probation. This is so, he argues, because he was not properly admonished and the offense for
which he was placed on deferred adjudication was not cognizable at law. The State argues, on the
other hand, that we should reform the judgment to reflect that Trout was, in fact, convicted of
violating section 361.082.
FACTUAL BACKGROUND
       The facts leading to this appeal are not disputed. The grand jury indictment alleged in two
counts that, on or about January 12, 1990, Trout attempted to take and did take a controlled
substance—a usable amount of marihuana—into the Bosque County jail.


 The offenses proscribed
by section 361.082 are third-degree felonies and are punishable by two to fifteen years in prison. 
      The State and Trout entered into a plea-bargain agreement, in which Trout agreed to plead
guilty to the offenses charged in the indictment in exchange for the prosecutor's recommendation
of deferred adjudication. During a hearing on November 7, 1990, the court erroneously advised
Trout that he was "charged with possession of marihuana in the county jail; and that's an offense
under the local government code with a range of punishment of two to fifteen years in the state
penitentiary." Following admonishments, the court asked, "Mr. Trout, how do you plead to the
offense of possession of marihuana in the county jail?" Trout responded, "guilty." 
      The State then offered two documents into evidence. In the first document, Defendant's Plea
of Guilty, Waiver, Stipulation, & Judicial Confession, Trout admitted that he "unlawfully
committed the acts alleged in the indictment . . . and that [he was] in fact GUILTY of the offense
of Possession of a usable amount of marihuana in a county jail, Sec. 361.082, Local Government
Code. Range of punishment two years to fifteen years in State Penitentiary." In the second
document, Stipulation of Evidence, Trout stipulated that he "did then and there take" and "did then
and there attempt to take . . . a usable amount of marihuana" into the county jail. 
      At the conclusion of the hearing, the court stated: "[T]here is evidence in this record . . .
sufficient to establish your guilt of the offense charged in the indictment. However, in accordance
with the plea bargain, I will defer adjudication." The order deferring adjudication recites that the
evidence substantiates Trout's "guilt of the offense of Possession of Marihuana." (Emphasis
added). After the State filed its first motion to adjudicate Trout's guilt, the court amended the
order to reflect that Trout had been granted deferred adjudication for the "offense of possession
of a usable amount of marihuana in a county jail." The amended order was not signed by Trout
or his attorney. 
      On June 30, 1993, the State filed its second motion to adjudicate, which was based on Trout's
failure to report to his probation officer and failure to pay probation fees. Over Trout's objection,
the court held a hearing on the motion on November 23, 1994. Trout plead "true" to the
violations alleged, and the court orally rendered judgment: "I will find these allegations are true
and I'm going to find you guilty of the offense of possession of a controlled substance in a county
jail." The court's written judgment reflects, in four different references, that Trout was convicted
of possession of marihuana in the county jail. The judgment did not mention that Trout was
"found guilty as charged in the indictment" or make any reference to section 361.082. 
      On December 14, 1994, the court admonished Trout that the range of punishment was two
to fifteen years and then sentenced him to eight years in prison.
JURISDICTION
      As already noted, Trout plead guilty under a plea-bargain agreement, and the court agreed to
honor the plea bargain. Generally, absent the court's permission, a defendant who pleads guilty
under a plea bargain and receives punishment no greater than he bargained for cannot appeal. 
Tex. R. App. P. 40(b)(1). One exception to the general rule is that a party may always appeal a
jurisdictional defect. Tex. R. App. P. 40 (b)(1); Lyon v. State, 872 S.W.2d 732, 734 (Tex. Crim.
App.), cert. denied, 114 S.Ct. 2684, 129 L.Ed.2d. 816 (1994). This exception also applies if the
plea is non-negotiated. Helms v. State, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972).
      Because the order deferring adjudication did not cover punishment, and Trout did not enter
a plea bargain as to the punishment ultimately to be assessed, he, in effect, plead guilty under a
non-negotiated plea. Therefore, his appeal is not limited by Rule 40(b)(1), and he may complain
of errors that occurred at or after the entry of his plea. Jack v. State, 871 S.W.2d 741, 744 (Tex.
Crim. App. 1994). 
      We conclude that we have jurisdiction of Trout's appeal for the following reasons. First, he
is attacking the court's jurisdiction (1) to convict him and assess his punishment under a repealed
statute; and (2) to convict him of an offense not cognizable under law. See Lyon, 872 S.W.2d
at 734; Helms, 484 S.W.2d at 927. Second, he is complaining about errors that occurred after he
entered his plea. Jack, 871 S.W.2d at 744.
TROUT'S POINTS
      Trout's first point asserts that, because he was adjudicated guilty after section 361.082 was
repealed, his conviction, judgment, and sentence are void. Not only does Trout's argument fail
to acknowledge the express savings provision found in section 5.04 of the repealing act,


 but it
erroneously assumes the court convicted him under section 361.082. 
      The court's oral rendition and its written judgment recite that Trout was found guilty of
possession of a controlled substance, marihuana, in a county jail. Whether intentionally or not,
the court did not find Trout guilty of taking or attempting to take marihuana into a county jail, as
charged in the indictment or proscribed by section 361.082, but rather, as discussed more fully
below, found him guilty of possession of marihuana in a county jail. Point one is overruled.
      Second, Trout complains that the offense of which he was convicted, "possession of a usable
amount of marihuana in a county jail," is not a cognizable offense, and that it is at variance with
the indictment. Therefore, he argues, the conviction and sentence cannot stand. This argument
is without merit.
      Although "possession of a usable amount of marihuana in a county jail" is not specifically
proscribed by statute, possession of a usable amount of marihuana is. Tex. Health & Safety
Code Ann. § 481.121. The evidence before the court supported the court's finding Trout guilty
of possession of marihuana, an offense cognizable under Texas law. Id. 
      Furthermore, Trout cannot complain of the variance in the indictment and the judgment. 
Once the jurisdiction of the court is invoked, it may proceed to judgment upon any lesser-included
offense that is included within the offense charged and established by the facts of the case. 
Cunningham v. State, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987). The elements of lesser-included offenses are considered to have been alleged within the elements in the indictment
charging the greater offense. Mello v. State, 806 S.W.2d 875, 877 (Tex. App.—Eastland 1991,
pet. ref'd). 
      Possession of marihuana is a lesser-included offense of taking or attempting to take marihuana
into a county jail because proof of possession could be established by the same facts necessary to
prove that Trout took, or attempted to take, marihuana into a county jail. Tex. Code Crim.
Proc. Ann. art. 37.09 (Vernon 1981); and see Mello, 806 S.W.2d at 877 (holding that possession
of cocaine is a lesser-included offense of delivery of cocaine). Therefore, the court was authorized
to find Trout guilty of possession, a lesser-included offense of taking marihuana into a county jail. 
Point two is overruled.
      Finally, Trout alleges that the court did not have jurisdiction to adjudicate his guilt because
he was "never on probation." His brief alleges that, "[o]n April 15, 1992, after the repeal of the
statute upon which the prosecution was based, it came to the court's attention that he could not be
on deferred adjudication probation in a District Court for ‛possession of marihuana.'" 
      We interpret this point as attacking the validity of the order deferring adjudication. If Trout
had wished to challenge the validity of an order deferring adjudication, which was in accordance
with the plea-bargain agreement he entered with the prosecutor, he should have requested final
adjudication within thirty days of the entry of the order. Tex. Code Crim. Proc. Ann. art.
42.12, § 5(a); Helmle v. State, 746 S.W.2d 301, 303 (Tex. App.—Houston [1st Dist.] 1988, pet.
ref'd). Because he did not complain of the first order deferring adjudication (November 7, 1990)
or the amended order (August 26, 1992) until he filed his motion for new trial after final
adjudication in January 1995, he cannot complain at this time. Id. 
      Point three is overruled.
DISPOSITION
State's Request to Reform
      Relying on the "combined effect" of Bigley v. State 865 S.W.2d 26, (Tex. Crim. App. 1993),
and Banks v. State 708 S.W.2d 460 (Tex. Crim. App. 1986), the State urges us to reform the
judgment to reflect a conviction for the offense alleged in the indictment and to affirm the
judgment and sentence. See McCray v. State, 876 S.W.2d 214, 216-17 (Tex. App.—Beaumont
1994, no pet.).
      Although reformation of a judgment is not limited to clerical errors, it is limited to
conforming the judgment to the findings of the trier of fact.


 Bigley, 865 S.W.2d at 27;
Milczanowski v. State, 645 S.W.2d 445, 446 (Tex. Crim. App. 1983). The court in Banks seemed
to grant a wider berth for reformation by stating that, when the court has "all necessary data and
evidence before it for reformation, the judgment and sentence may be reformed on appeal." 
However, that is not the case. First, in Banks the Court of Criminal Appeals held that it could
reform a judgment if it had the necessary data; furthermore, the court only reformed the written
judgment to reflect the court's actual rendition. Banks, 708 S.W.2d at 462. 
      The power to reform a judgment in accordance with a verdict "does not carry with it the
power to enter a judgment." Bigley, 865 S.W.2d at 32 (Clinton, J., dissenting) (quoting Martin
v. State, 154 Tex. Crim. 302, 227 S.W.2d 213, 216 (1950). To the extent a "reformation" entails
assuming facts not found, or second guessing the route the trial court intended to take, or would
have taken, it is not a reformation, but the entry of a new judgment. Id.; Milczanowski v. State,
645 S.W.2d at 446. For that reason we do not agree with the reasoning in McCray v. State, even
though the court of appeals probably reached the result the trial court would have reached if it
were not mistaken on the range of punishment.


 McCray, 876 S.W.2d 214.
      The basis of the State's argument is that Trout plead guilty to violating section 361.082 in his
plea bargain, and that the court declared that the evidence was sufficient to find him guilty as
charged in the indictment. However, the court did not find him guilty at that time, but deferred
his adjudication. The order deferring adjudication of guilt does not constitute a conviction. Price
v. State, 866 S.W.2d 606, 611 (Tex.Cr.App. 1993). When the court finally adjudicated Trout's
guilt, it orally rendered judgment that he was guilty of possession of a controlled substance and
made no reference to the indictment or section 361.082. The State is not asking us to correct a
judgment which is inconsistent with the court's findings; it asks us to do that which we
cannot—render a new judgment. See Milczanowski v. State, 645 S.W.2d at 446. 
Further Action
      Because we have determined that the court found Trout guilty of possessing marihuana, but
sentenced him for taking or attempting to take marihuana into a county jail, we will review the
propriety of the sentencing sua sponte. Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App.
1990). We may consider this point without its preservation below because a void sentence is a
jurisdictional defect that can be raised at any time. Heath v. State, 817 S.W.2d 335, 339 (Tex.
Crim. App. 1991); Webb v. State, 899 S.W.2d 814, 818 (Tex. App.—Waco 1995, pet. ref'd).
      Although the indictment and evidence reflect a violation of section 361.082, the court, without
objection from the prosecution, admonished Trout that he was charged with possession of
marihuana in a county jail, and that is the offense to which Trout plead guilty. Apparently
operating under the mistaken belief that possessing marihuana in a county jail upgraded the offense
to a third-degree felony, the court then sentenced Trout to five years' deferred adjudication
probation. 
      At the hearing to adjudicate, the prosecutor stated to the court that the "State's position is that
this is a possession of marihuana violation. It is —it— what makes it a felony in this case is that
it was possession of marijuana in a county jail." However, as previously noted, we find no
specific offense in 1990 for possessing marihuana in county jail—especially not one that would
raise an otherwise misdemeanor offense to a felony offense.
      The court found Trout guilty of possessing a "usable amount" of marihuana but erroneously
sentenced him under section 361.082. An unauthorized sentence is void. Heath, 817 S.W.2d at
339. The court should have sentenced Trout for the crime of which it had found him
guilty—possession of a usable amount of marihuana. 
      Although the offense is complete by possessing a "usable amount," the classification and range
of punishment available is dependent upon the quantity possessed. See Tex. Health & Safety
Code Ann. § 481.121. There is no evidence of the amount of marijuana Trout possessed other
than a "usable amount." Therefore, the evidence can only support a finding that Trout possessed
an amount of less than two ounces, which is a class B misdemeanor punishable by a fine not to
exceed $2,000 and (or) confinement in jail for a term not to exceed 180 days. Id; Tex. Penal
Code Ann. § 12.22 (Vernon 1994). 
      Therefore, we affirm the conviction for the offense of possession of a usable amount of
marihuana, reverse the sentence of the court, and remand for re-sentencing within the permissible
range. 


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Conviction affirmed; reversed for re-sentencing
Opinion delivered and filed November 15, 1995
Do not publish