NUMBER 13-05-295-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

                                                                                                                     


 

MICHAEL F. CROOK,                                                                      Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                  Appellee.

                                                                                                                                      


       On
appeal from the 28th District Court of Nueces County, Texas.

                                                      
                                                               

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 

On March 8, 2005, the trial court revoked appellant
Michael Crook=s community supervision, adjudicated him guilty, and
sentenced him to thirty years in the Institutional Division of the Texas
Department of Criminal Justice.  The
trial court certified that this is not a plea-bargain case and the defendant has
the right of appeal.  By one issue,
appellant contends he received ineffective assistance of counsel.  We affirm.








Background

On February 10, 2003, appellant, pursuant to a plea
bargain agreement with the State, pleaded guilty to aggravated robbery as a
repeat felony offender.[1]  On February 24, 2003, the court deferred
adjudication of appellant=s guilt, assessed a $500 fine, and placed him on five
years= community supervision, which was later extended two
additional years due to appellant=s violation of numerous conditions of his community
supervision.  On October 27, 2004, the
State filed a revocation motion because appellant allegedly committed
additional violations of the terms of his community supervision.  On March 4, 2005, the court held a hearing on
the State=s motion. 
After accepting appellant=s pleas of Atrue@ to a number of the allegations and receiving
evidence on the remaining allegations, the court found that he had violated the
conditions of his community supervision.[2]  On April 1, 2005, appellant filed a motion
for new trial, alleging ineffective assistance of counsel at the revocation
hearing, which the court denied on April 18, 2005.  On April 25, 2005, appellant timely filed a
notice of appeal.  

Jurisdiction

As a threshold issue, the State challenges this Court=s jurisdiction, arguing that appellant=s complaint arises out of the decision to adjudicate
as opposed to the punishment phase of the revocation proceeding.  Accordingly, we will first address whether we
have jurisdiction to consider appellant=s complaint on appeal.








The Texas deferred adjudication statute was first
enacted in 1975.[3]  The "clear import" of the statute
is "to preclude appellate review of an order deferring adjudication."[4]  Under the statute, "[i]f a defendant is
dissatisfied with the decision to defer adjudication or with the terms and
conditions of the order, his proper remedy is to move for final adjudication .
. .@.[5]  A defendant is not permitted to appeal
matters related to the trial court's determination to proceed with an
adjudication of guilt.[6]  

Article 42.12, section 5(b) of the Texas Code of
Criminal Procedure expressly allows an appeal of all proceedings after the
adjudication of guilt on the original charge, including the assessment of
punishment and the pronouncement of sentence.[7]  Although a defendant on community supervision
may not raise on direct appeal a claim of ineffective assistance of counsel
that allegedly occurred at the proceeding to adjudicate guilt, he may raise on
direct appeal a claim of ineffective assistance that allegedly occurred at the
punishment proceeding.[8]  








After hearing evidence regarding the allegations at
the revocation hearing, the court found appellant guilty, and stated, AWe=ll now proceed to the punishment phase.@  Shortly
thereafter, appellant took the stand, where his attorney asked the following: A. . .you understand this part of the hearing is where
the Judge is going to assess punishment or disposition on the motion to revoke?@  Appellant
answered in the affirmative.  On direct
examination, his trial counsel requested that the court order that appellant
attend rehabilitation.  During closing
arguments, appellant=s trial counsel reurged his request for
rehabilitation and requested, in the alternative, that the court allow
appellant to remain on community supervision. 
Despite counsel=s request, the court made the following finding:

Based on the Court having found that you have
violated your conditions as alleged in the motion to revoke and having entered
findings of true, this Court will now revoke your probation, adjudicate you,
find you guilty of the offense of aggravated robbery, and will sentence you to
thirty years to the Institutional Division of the Texas Department of Criminal
Justice.

Appellant=s claim of ineffective assistance of counsel focuses
primarily on his trial counsel=s alleged deficiencies and failure to call a
character witness during the punishment hearing.  The court=s pronouncement that, A[w]e=ll now proceed to the punishment phase@ demonstrates that the subsequent evidence and testimony
was related to punishment, as the court had already found that appellant
violated conditions of his community supervision.  In light of the court=s pronouncement, and after our review of the record,
we conclude we have jurisdiction to review appellant=s claim of ineffective assistance of counsel to the
extent it relates to punishment.  We now
turn to the merits of appellant=s complaint on appeal.

Ineffective Assistance








In his sole issue on appeal, appellant contends his
trial counsel was ineffective because (1) counsel=s performance was not reasonable and (2) the result
of the proceeding would have been different had counsel properly called a key
witness to testify at the revocation hearing.[9]








We examine ineffective assistance of counsel claims
under the well-established standard set out in Strickland v. Washington.[10]  To prevail on a claim of ineffective
assistance of counsel, an appellant must, by a preponderance of the evidence,
prove that trial counsel's performance fell below an objective standard of
reasonableness and that trial counsel's deficient representation prejudiced
appellant's defense.[11]  To satisfy the first prong, the appellant
must rebut the presumption that counsel is competent by identifying the acts or
omissions of counsel that are alleged as ineffective assistance and
affirmatively prove that such acts or omissions fell below the professional
norm of reasonableness.[12]  To satisfy the second prong and establish
prejudice, the appellant must prove there is a reasonable probability that, but
for counsel's deficient performance, the result of the proceeding would have
been different.[13]  A reasonable probability has been defined as
a probability sufficient to undermine confidence in the outcome of the
proceedings.[14]  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.[15]  An appellant's failure to satisfy one prong
of the Strickland test negates a court's need to consider the other
prong.[16]  

At the April 18, 2005 hearing on appellant=s motion for new trial, appellant argued that his
trial counsel should have called his sister, Lynn Ryan, who would have
testified on appellant=s behalf.  Ms.
Ryan testified at the hearing that she was aware appellant was on probation and
made attempts in the summer of 2004 to help him by getting him into
rehabilitation.  She further testified
that despite her multiple attempts to contact his trial counsel, counsel
contacted her only two times, one of which was the night before the hearing, to
inform her that the hearing was taking place. 
Ms. Ryan further testified that she was unable to appear due to work,
and that had she known of the date of the hearing earlier, she would have been
in court to testify in any way that could have helped appellant.  Ms. Ryan, however, was unable to explain what
she would have testified to, stating that she was unaware of the questions she
would have been asked.  Similarly,
appellant is unable to explain how Ms. Ryan=s testimony would have made a difference in the
outcome of the proceeding.  After a
careful review of the record, we conclude appellant has failed to satisfy the
second prong of the Strickland test. 
Further, because of appellant=s failure, it is unnecessary to address whether
appellant met his burden under the first prong of Strickland.[17]  Accordingly, we overrule appellant=s sole issue on appeal.  

Conclusion








Because we have overruled appellant=s claim of ineffective assistance of counsel, we
affirm the judgment of the trial court.

 

                                                              
                                                       

LINDA REYNA YAÑEZ,

Justice

 

 

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 

Memorandum opinion delivered and filed 

this the 13th day of July, 2006.

  

 











[1] See Tex. Pen. Code Ann. ' 29.03(a)(2) (Vernon 2003). 


 





[2] Appellant=s violations of the terms of his community
supervision included, among other things, possession of methamphetamine,
failure to pay court costs, failure to participate in an anger management
program, and failure to report any new and subsequent arrests.

 





[3] See Manuel v. State, 994 S.W.2d 658, 661
(Tex. Crim. App. 1999) (citing Act of May 7, 1975, 64th Leg., R.S., ch. 231, ' 1, 1975 Tex. Gen. Laws 572).

 





[4] McDougal v. State, 610 S.W.2d 509, 509 (Tex.
Crim. App. 1981) (citing George v. State, 557 S.W.2d 787 (Tex. Crim.
App. 1977)).

 





[5] Id.

 






[6] See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2005).

 





[7] Id.; Perez v. State, 28 S.W.3d 627,
633 (Tex. App.CCorpus Christi 2000, no pet.).

 





[8] Hogans v. State, 176 S.W.3d 829, 833 (Tex. Crim. App. 2005); see also Jones v. State,
39 S.W.3d 691, 693 (Tex. App.CCorpus Christi 2001, no pet.) (holding that a court
of appeals has jurisdiction to review claims of ineffective assistance of
counsel occurring after the adjudication of guilt). 

 





[9]  Appellant
also argues that his attorney failed to communicate the implications of
pleading Atrue@ to the
allegations in the revocation motion and otherwise failed to prepare him
adequately for the hearing on the revocation motion.  However, our review is limited to the
punishment phase.  See Jones, 39
S.W.3d at 693. Therefore, we will not consider appellant=s
arguments concerning the adjudication phase of the revocation hearing.  See id. 

 





[10] Strickland v. Washington, 466 U.S. 668,
688-89 (1984); see Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim.
App. 1986) (en banc).

 





[11] Strickland, 466 U.S. at 688; Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Rosales v. State, 4 S.W.3d
228, 231 (Tex. Crim. App. 1999).

 





[12] Jackson v. State, 973 S.W.2d 954, 956 (Tex.
Crim. App. 1998).

 





[13] See Strickland, 466 U.S. at 695; Tong v.
State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

 





[14] Jackson, 973 S.W.2d at 956.

 





[15] Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  

 





[16] Strickland, 466 U.S. at 697.

 





[17]
See Tex. R. App. P. 47.1; Strickland, 466 U.S. at 688-89.